[No. B018153. Second Dist., Div. Two. Mar. 11, 1987.]

JOAN SIZEMORE et al., Plaintiffs and Appellants, v.
TRI-CITY LINCOLN MERCURY, INC., et al., Defendants and
Respondents.

COUNSEL

Steven Roseman and Edward A. Villalobos for Plaintiffs and Appellants.

Johnsen, Manfredi & Thorpe, Andrew S. Rotter, David T. Biderman, Steven A. Desmarais, Mommaerts & Rutledge, Charles Harris and Robert R. Nash for Defendants and Respondents.

OPINION

**FUKUTO, J.**—Plaintiffs appeal from an order dismissing their action for breach of warranty, rescission of contract, and intentional infliction of emotional harm against defendants Tri-City Lincoln Mercury, Inc. (Tri-City) and Ford Motor Company (Ford) for failure to bring the matter to trial within the period required by Code of Civil Procedure section 583, subdivision (b).[1]

Plaintiffs contend that the action was prematurely dismissed because the five-year period of section 583, subdivision (b), as extended by section 1141.17, was tolled from the date that the arbitration award was filed to the

---

[1] All statutory references are to the Code of Civil Procedure.

Former section 583, subdivision (b) was repealed effective January 1, 1985, but its substance is continued in new sections 583.310 and 583.360. In actions commenced before January 1, 1985, section 583.160 provides that motions to dismiss made within one year after January 1, 1985, are governed by the former statute.

Section 583, subdivision (b) provided in pertinent part: "Any action . . . shall be dismissed by the court in which the same shall have been commenced . . ., unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

date set for trial under *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216].

Under *Moran,* Code of Civil Procedure section 1141.20 is interpreted to impose a duty upon the court sua sponte to recalendar the trial in the same place it had before arbitration and that the five-year period is tolled until the new trial date is set by the court.

Plaintiffs filed their complaint on March 26, 1980. On December 23, 1981, plaintiffs filed an election to have the matter arbitrated. On March 20, 1984, plaintiffs moved to restore the case to the civil active list. On April 9, 1984, the motion was denied and the case ordered into arbitration.

The case went to arbitration and on April 22, 1985, the arbitrator filed her award. On May 17, 1985, plaintiffs filed their request for a trial de novo.

On June 3, 1985, the court served on plaintiffs its notice of trial setting conference instructing plaintiffs to give notice of the conference to defendants. On August 8, 1985, the trial setting conference was taken off calendar because plaintiffs failed to give notice to defendants.

Plaintiffs then filed a motion to restore the case to the civil active list and to specially set the case for trial. In support of the motion, counsel for the plaintiffs filed a declaration erroneously representing that the five-year statute, as extended by section 1141.17,[2] would run on January 4, 1986, and requesting that the court set a trial date prior to January 4, 1986. In reality, the deadline was November 14, 1985. The court set the matter for trial setting conference on November 12, 1985. On that date the trial court, in accordance with plaintiffs' request, set the trial for December 2, 1985, beyond the five-year limit.

On November 19, 1985, Ford filed its motion to dismiss, with Tri-City joining in the motion. On November 27, 1985, the court ordered dismissal of the action pursuant to section 583, subdivision (b).

---

[2]Section 1141.17 as amended in 1983 (and again in 1984 to correct its cross-reference to the revised dismissal statutes) reads as follows: "(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Chapter 1.5 (commencing with Section 583.110) of Title 8 of Part 2, except as provided in this section. [¶] (b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310."

The sole issue presented by this proceeding is whether the trial court properly granted the section 583, subdivision (b) motion to dismiss plaintiffs' action in view of the rule as established in *Moran.*

In *Moran,* an arbitration award in favor of plaintiff and against defendant was filed with the superior court 41 days before the expiration of the five years. Twenty-four days before the expiration of the five-year period, defendant filed a request for a trial de novo. Upon receipt of a copy of defendant's request, plaintiff's attorneys contacted the superior court clerk's office by telephone and requested that the case be reset for trial and given the same position on the trial calendar it had enjoyed prior to being referred to arbitration. The clerk's office assured the attorneys the case would be reset within the five-year period. Although follow-up calls by plaintiff's attorneys produced the same assurances, the clerk's office sent the case file to the basement for storage and the five-year period elapsed.

The Supreme Court held that the trial court properly refused to dismiss plaintiff's action under section 583, subdivision (b) for two independent reasons. The first was that the plaintiff's conduct was sufficiently diligent to warrant application of the impossibility exception to excuse her failure to bring the case to trial within the five-year limit.

The five-year rule of dismissal will not be applied in cases where, due to circumstances beyond the parties' control, it was impossible, impracticable or futile to bring the case to trial during the five-year period. (*Bennett v. Bennett Cement Contractors, Inc.* (1981) 125 Cal.App.3d 673 [178 Cal.Rptr. 633]; *Moran v. Superior Court, supra,* 35 Cal.3d 229, 238.)

"What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case." (*Moran v. Superior Court, supra,* 35 Cal.3d 229, 238.) Inadvertence in selecting a trial date does not constitute the type of impracticability, impossibility or futility which tolls the five-year statute. (*State of California v. Superior Court* (1979) 98 Cal.App. 3d 643, 650 [159 Cal.Rptr. 650]; *Cannon v. City of Novato* (1985) 167 Cal.App.3d 216, 222 [213 Cal.Rptr. 132].)

In *Moran,* plaintiff demonstrated "continuing diligence by immediately contacting the master calendar clerk's office and requesting that the matter be promptly reset for trial in order to meet the approaching five-year deadline. Follow-up telephone calls were made during the week of the request

to ensure that the resetting process was in motion. The five-year deadline then passed while plaintiff was waiting for the case to be reset for trial." (*Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 239.)

 In the case at bench, plaintiffs failed to give notice of a court-ordered trial setting conference. Later, plaintiffs miscalculated the time and gave the court erroneous information regarding the five-year deadline. Inadvertence of this type shows lack of reasonable diligence. Thus, plaintiffs cannot claim the *Moran* "impossibility" or "impracticability" exception. Given this conclusion, we must consider whether *Moran's* second reason applies.

*Moran's* second independent reason for upholding the trial court's refusal to dismiss under the five-year rule is as follows:

"Section 1141.20 provides that, after the arbitrator's decision has been filed, a party who is not satisfied with the award must initiate the process which will bring the case to trial by making a timely request for a trial de novo. Once such a request has been made, this section requires that a case be *calendared* for trial in the order of priority it held before arbitration. Since the trial court alone has the power to order a matter placed upon its trial calendar, section 1141.20 imposes a duty upon the court *sua sponte* to recalendar the trial 'in the same place . . . it had prior to arbitration.' In compliance with this statutory mandate, and in order to ensure that the plaintiff will retain the benefit of the amount of time remaining in the five-year period when the case went into arbitration, that period will remain tolled until the new trial date set by the court." (*Moran* v. *Superior Court, supra,* 35 Cal.3d at pp. 240-241.)

 In the case at bench, the complaint was filed March 26, 1980. The four years and six months date after the filing of the complaint was September 26, 1984. The case was and remained in arbitration on and following that date. Plaintiffs filed their request for trial de novo on May 17, 1985. Thus, taking into account the tolling period of section 1141.17, the five-year period expired on November 14, 1985. Prior to November 14, 1985, plaintiffs filed a motion to restore the case to the civil active list and to specially set the case for trial. Plaintiffs' counsel failed to exercise due diligence and as a result made certain miscalculations and erroneously advised that the five-year statute, as extended by section 1141.17, would run on January 4, 1986. Plaintiffs requested a trial date prior to that time. The court set the trial for December 2, 1985, and plaintiffs' attorney acquiesced, believing that the date was well within the five-year deadline.

In the case at bench, plaintiffs argue, essentially, that under the *Moran* rule enunciating the sua sponte duty, plaintiffs do not have a due diligence

requirement; that they are relieved of any responsibility to accurately calculate the time remaining under the five-year statute because, under section 1141.20, the court has a sua sponte duty to recalendar the case.

We disagree. Under facts similar to the facts here, Division Three of this court, in *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1 [225 Cal.Rptr. 905], discussed the *Moran* court's "sua sponte duty" to recalendar the trial in the same place it had prior to arbitration. The *Hill* court held that "Notwithstanding the trial court has a sua sponte duty to recalendar the matter in the same position it had prior to arbitration [citation] so that the time between the date the arbitration award is filed and the date set for trial de novo is excluded from the calculation of the five-year period [citation], such duty does not excuse the plaintiff from exercising due diligence under the circumstances." (*Id.,* at p. 11.)

The *Hill* court concluded that ". . . *Moran* did not intend to permit a plaintiff to abdicate a continuing responsibility for prosecuting the case merely because a timely request for trial de novo was filed. Absurdities would otherwise result. Hypothetically, in the event a request for trial de novo were filed and the superior court clerk were to misplace the request, with no action then being taken by the court for two years, or for 20, surely a plaintiff could not maintain the time was tolled for the entire period.

"In coming to its holding, the *Moran* court recognized the superior court was notified by [plaintiff] of the time constraints she was under. [Citation.] We conclude it is implicit that for the sua sponte duty to arise, not only must there be a timely request for trial de novo, but also the plaintiff must bring to the trial court's attention the time frame of the case. A contrary conclusion would completely shift responsibility for keeping track of all applicable dates and for moving cases forward from plaintiffs to an already overburdened court system.

"Moran's sua sponte rule cannot be viewed in a vacuum. Its rationale is to protect plaintiffs during the period it is *impossible* for the plaintiff to cause the matter to be set for trial because official duty was not done. [Citations.]

"Giving full credence to the import of *Moran,* a requirement of continuing diligence by the plaintiff is not inconsistent with its rationale. No reason in logic or law compels a ruling that holds merely because the trial court is under a sua sponte duty, the plaintiff is relieved of the requirement of diligence, of keeping track of crucial dates, of calling to the court's attention the chronology of the case, . . ." (*Id.,* at pp. 11-12.)

In *Barna* v. *Passage 350 Canon* (1986) 186 Cal.App.3d 440 [230 Cal.Rptr. 64], Division Seven of this court reached a conclusion contrary to that of the *Hill* court.

The *Barna* court, recognizing that the facts were "strikingly similar" to those of *Moran,* concluded that the "[*Hill*] holding appears to be out of harmony with *Moran.* . . .", and held that under the tolling rule of *Moran,* the reasonable diligence of the plaintiff is not placed in issue under the mandatory dismissal statute. The *Barna* court concluded that under the tolling rule of *Moran,* a trial court may not consider plaintiff's conduct prior to submission to arbitration, nor while the matter is submitted to arbitration, nor after a request for trial de novo is filed to determine the propriety of a mandatory dismissal. According to *Barna,* these may be appropriate considerations under the discretionary dismissal statutes.

We agree with *Barna* when it concludes that nothing in *Moran* permits a court to consider plaintiff's lack of diligence prior to submission to arbitration, or while the matter is submitted to arbitration and that plaintiff's lack of diligence at those times is properly dealt with in a motion to dismiss under the discretionary statutes.[3] ▉ However, *Moran,* in our opinion, does require inquiry into plaintiff's diligence *after* a request for trial de novo is filed.

The *Moran* court interpreted the language of section 1141.20 in holding that the arbitration statute imposes a duty upon the court sua sponte to recalendar the trial in the same place it had prior to arbitration. However, the *Moran* court, in reaching this conclusion, noted that the plaintiff "contends that once [defendant] requested a trial de novo and the superior court was notified that the five-year limit was rapidly approaching, it became the duty of the court to set the case for trial in a timely fashion." In *Moran,* the plaintiff "notified" the court of the approaching five-year limit upon receipt of defendant's request for trial de novo, by "immediately contacting the master calendar clerk's office and requesting that the matter be promptly reset for trial in order to meet the approaching five-year deadline. Follow-up telephone calls were made during the week of the request to ensure that the resetting process was in motion." Thus, it appears that *Moran* does, in at least one respect, require that plaintiff exercise diligence following the filing

---

[3]The *Barna* court's conclusion that the trial court should not consider the plaintiff's lack of diligence after a request for a trial de novo was not necessary to its holding. The plaintiff, in *Barna,* was clearly diligent in that she, like the *Moran* plaintiff, made numerous calls to the court clerk requesting that her case be promptly reset for trial and be given the same position on the calendar it had before arbitration. Each time the court clerk assured plaintiff that she would be notified. Subsequently, the court set the trial setting conference for a date past the five-year deadline.

of a timely request for trial de novo. Plaintiffs are under a duty to notify the court prior to the running of the five-year statute that the five-year limit is "rapidly approaching." Only then can the court set the case for trial. Inherent in this requirement is that plaintiff will exercise diligence and assume the responsibility of correctly computing the time and advising the court of the time frame of the case. Only then will the court's sua sponte duty arise to recalendar the trial in the same place it had prior to arbitration.

Such a result is consistent with both *Moran* and *Hill*. *Moran* requires the court, sua sponte, to recalendar the case upon notification by the plaintiff. *Hill* requires that the notification contain accurate information as to the dates involved.

██ The trial court properly dismissed plaintiffs' action under section 583, subdivision (b), for two reasons. First, plaintiffs failed to pursue their action with reasonable diligence. Therefore, the *Moran* "impossibility" exception did not apply. Second, the court's sua sponte duty to recalendar the case never arose. Plaintiffs' failure to get their case to trial in a timely fashion was caused by their own neglect and miscalculations rather than circumstances beyond their control.

The judgment is affirmed.

Compton, Acting P. J., and Gates, J., concurred.