[No. B024068. Second Dist., Div. Five. Apr. 1, 1987.]

RICHARD M. TAYLOR et al., Plaintiffs and Appellants, v. CAROL J. HAYES, Defendant and Respondent.

**COUNSEL**

David K. Jefferies for Plaintiffs and Appellants.

Sam B. Dunford and S. K. Khalsa for Defendant and Respondent.

**OPINION**

**BOREN, J.**—Phyllis Taylor's personal injury suit was dismissed by the trial court under Code of Civil Procedure section 583.310 et seq., which requires the dismissal of actions that have not been brought to trial within

five years after being commenced.[1] We agree with the trial court that a calendaring error by the county clerk did not impede Taylor's ability to comply with the statutory five-year requirement, and we affirm.

## FACTS

On February 6, 1981, then 17-year-old Phyllis Taylor filed her action to recover damages for injuries she received in a February 1980 automobile accident. Her father was appointed as guardian ad litem. The case was ordered to arbitration on June 4, 1984, and an award was rendered by the arbitrator on May 9, 1985. Taylor requested a trial de novo the following day. Six days later, on May 16, 1985, the county clerk notified Taylor that the trial de novo in her case was set to begin on July 21, 1986, which was, as it turned out, beyond the five-year limit.

Taylor apparently took no further action for more than a year after receiving notification of the date for the trial de novo. In the interim, the five-year mark passed on February 6, 1986.

In July 1986, defendant Carol Hayes filed her motion to dismiss on the ground that more than five years had passed since Taylor instituted her lawsuit. In opposition to the motion, Taylor argued that she had diligently prosecuted her case through discovery and the arbitration, and that her attorney believed the July 21 trial date was within the five-year statutory limitation because it corresponded with the issuance of the summons on July 20, 1981.[2] Unpersuaded by this argument, the trial court granted Hayes's motion and dismissed Taylor's lawsuit under section 583.310.

## DISCUSSION

Sections 583.310 and 583.360 unequivocally state that an action shall be dismissed if not brought to trial within five years of being commenced against the defendant. An action is commenced by any pleading that asserts a cause of action or claim for relief (§ 583.110, subd. (a)). There is no additional requirement that the action commenced by the pleading be served upon the defendant in order for the five-year period to begin running. ■ As a general rule, the involuntary dismissal statutes begin to

---

[1] All future statutory references are to the Code of Civil Procedure.

[2] In her opposition to Hayes's motion to dismiss, Taylor did not seek relief from the five-year dismissal statute on the grounds that the statute had expired due to her mistake, inadvertence, surprise or excusable neglect (§ 473). Therefore, we cannot consider her belated request for section 473 relief for the first time on appeal, even assuming that such relief is available under the circumstances.

run on the date the complaint is filed. (See *Barrington* v. *A. H. Robins Co.* (1985) 39 Cal.3d 146, 150 [216 Cal.Rptr. 405, 702 P.2d 563].)

Despite the mandatory language of the five-year dismissal statutes, the courts have recognized "implied exceptions" to the dismissal rule which come into play when going to trial would be impossible, impractical or futile, and the critical factor in applying these exceptions is whether the plaintiff exercised reasonable diligence in prosecuting her case. ■ Thus, the five-year dismissal statute may not be applied if plaintiff is unable to bring her suit to trial due to causes beyond her control, nor should it penalize conduct that is entirely reasonable. (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 237-238 [197 Cal.Rptr. 546, 673 P.2d 216].)

■ Based on facts virtually identical to those presented here, this court and others have concluded that the inadvertent selection of a trial date beyond the five-year mark does not constitute the type of impracticability, impossibility or futility which tolls the five-year statute. As we observed in *Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 975 [133 Cal.Rptr. 486], "It is the plaintiff's duty to keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period."

Our reasoning in the *Singelyn* case is echoed in the opinions of other divisions of this court, most recently by Division Three, in the case of *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1 [225 Cal.Rptr. 905], and by Division Two in *Sizemore* v. *Tri-City Lincoln Mercury, Inc.* (1987) 190 Cal.App.3d 84 [235 Cal.Rptr. 243].

In *Hill,* as in this case, the plaintiff's lawsuit was ordered to judicial arbitration, and a trial de novo was subsequently requested. Hill failed to call to the trial court's attention the approaching five-year deadline, and instead simply acquiesced when the court inadvertently set a trial date beyond the five-year mark. Hill did not attempt to have the trial date advanced to a time within the statutory limit. The appellate court noted that although the trial court had a sua sponte duty to recalendar Hill's lawsuit once a trial de novo was requested, this did not absolve Hill from his continuing responsibility for diligently prosecuting his case: "No reason in logic or law compels a ruling that holds merely because the trial court is under a sua sponte duty, the plaintiff is relieved of the requirement of diligence, of keeping track of crucial dates, of calling to the court's attention the chronology of the case, and of following up 'after the passage of an amount of time sufficient to indicate to a reasonably knowledgeable attorney that official duty was *not* going to be performed and that the public official had obviously "goofed." ' " (*Hill* v. *Bingham, supra,* 181 Cal.App.3d

at p. 12, quoting *Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134, 139 [199 Cal.Rptr. 295].[3] ) In *Hill,* the court found that two and one-half months was ample time for a diligent plaintiff to act to advance a trial date that was erroneously set beyond the five-year limit.

In *Sizemore,* similarly, the plaintiff miscalculated the time remaining before the expiration of the five-year statute, and the court of appeal concluded that "Inadvertence of this type shows lack of reasonable diligence." (190 Cal.App.3d at p. 89). As in *Hill,* the *Sizemore* court found that all plaintiffs are under a continuing duty to correctly compute the statutory five years and to advise the court of the impending deadline. (*Id.* at pp. 91-92).

The *Hill* v. *Bingham* and *Sizemore* v. *Tri-City Lincoln Mercury, Inc.* decisions control here.[4] Taylor's affirmative duty to bring her case to trial within five years did not cease when she filed her request for a trial de novo. She remained responsible for keeping track of the crucial date when the five-year limit would lapse, and for alerting the court that this limit was soon approaching. Moreover, Taylor acquiesced in the erroneous trial date for more than a year, although there was clearly ample time in which to correct the clerk's calendaring by having the case advanced for trial. There is nothing in the record to indicate that Taylor did anything to diligently prosecute her lawsuit after filing her request for a trial de novo. The record only shows that the delay in going to trial was caused by Taylor's own miscalculation rather than by circumstances beyond her control such as a public official's dereliction of his duties (*Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 222 [213 Cal.Rptr. 132]).

Finally, we note that no tolling statutes operate to excuse Taylor from her failure to bring her case to trial within five years. Her lawsuit was not tolled during the time in which it was in arbitration because there was a period of more than six months between the filing of the request for a trial de novo and the expiration of the five-year period (§ 1141.17, subd. (b)). Nor does Taylor's minority at the time of filing her lawsuit excuse her lack of

---

[3] *Karubian* was disapproved on other grounds in *Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342 [228 Cal.Rptr. 504, 721 P.2d 590].

[4] In adopting the reasoning in these two cases, we decline to follow the holding by Division Seven of this court in *Barna Passage* v. *350 Canon* (1986) 186 Cal.App.3d 440, 447-448 [230 Cal.Rptr. 764], that the trial court may not consider a plaintiff's lack of diligence in prosecuting his case after a request for a trial de novo is made. Like our colleagues in Divisions Two and Three, we believe that the *Moran* case *does* require that a plaintiff continue to exercise diligence after a request for a trial de novo is filed. In *Moran,* the plaintiff exercised the requisite continuing diligence by promptly notifying the court that the five-year deadline was approaching and by subsequently making numerous telephone calls to the clerk's office to ensure that the case was being properly reset. Through no fault of the plaintiff, the court failed in its official duties by mistakenly sending her case file to storage instead of setting it for trial. (35 Cal.3d at pp. 236, 239.)

diligence. She reached her majority well before the expiration of the five-year period, and was therefore not under any disability which might have impeded her prosecution of her case.

In sum, we find that Taylor's failure to bring her case to trial within the five-year statutory limit was not due to impossibility, impracticability or futility, and was therefore not "entirely reasonable" within the meaning of the *Moran* case. Accordingly, the trial court did not abuse its discretion by dismissing her case under section 583.310.

## DISPOSITION

The judgment of dismissal is affirmed.

Ashby, Acting P. J., and Hastings, J.,* concurred.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.