[No. B033012. Second Dist., Div. Four. Aug. 15, 1988.]

SANTA MONICA HOSPITAL MEDICAL CENTER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARY ELLEN HILL, Real Party in Interest.

## COUNSEL

Harrington, Foxx, Dubrow & Canter, Lisa A. Hollingworth, Brian L. Goller, Greines, Martin, Stein & Richland, Alan G. Martin and Carolyn Oill for Petitioner.

No appearance for Respondent.

Judith S. Fogel for Real Party in Interest.

## OPINION

**WOODS (A. M.), P. J.**—In this original proceeding in mandate we must determine the proper application of *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216], where a civil plaintiff takes no steps after a request for a postarbitration trial de novo to cause trial to be set within the remainder of the five-year mandatory dismissal period.

 We conclude that *Moran* v. *Superior Court, supra,* 35 Cal.3d 229, requires a plaintiff to exercise reasonable diligence relative to the five-year period to the extent of requesting the trial court to set a trial date within that period.

The facts are simple and not in dispute.

Plaintiff filed her medical malpractice complaint on June 2, 1982. A third amended complaint was filed in July 1983 and answered that September.

Plaintiff filed her at-issue memorandum January 17, 1986. An arbitration status conference was set for May 1, 1986, but that conference date was vacated when the case was transferred to another district on March 17, 1986, on the court's motion.

At the October 24, 1986, trial setting conference the case was ordered into arbitration. No trial date was set.

The case remained in arbitration as of December 2, 1986. It was then four years and six months after the date on which the action was commenced. The arbitrator's award was entered in favor of all defendants on April 13, 1987. On April 30, plaintiff filed a timely request for trial de novo. Absent such request, the original five-year dismissal period would have run on June 2, 1987.

On August 26, 1987, the trial court assigned the case to the Los Angeles Superior Court's Trial Delay Reduction Project "Fast Track Program." The case was taken out of that program on defendant's unopposed motion because all parties estimated that trial would exceed the maximum time set by the program rules. Plaintiff did not request a special trial setting.

In September 1987, the court noticed a trial setting conference for November 6. On November 6, defendant filed and served its motion to dismiss for failure to bring the action to trial within the extended five-year period.

At the November 6 setting conference a January 6, 1988, trial date was set.

Defendant's motion to dismiss was heard December 31, 1987. The motion was denied with respondent stating that ". . . there is some diligence here." Defendant requested respondent to specify plaintiff's diligent conduct after her request for trial de novo. Respondent declined, commenting that it would "let [plaintiff] be creative in a responding party order." Plaintiff's submitted order did not recite any facts showing an effort to meet the extended five-year period following her request for trial de novo.

Defendant's petition for writ review followed. We granted the alternative writ to resolve a split in authority and to prevent an inappropriate, lengthy trial.

### DISCUSSION

*Moran* v. *Superior Court, supra,* 35 Cal.3d 229, controls the determinative tolling issue in this mandate proceeding. Unless at least one of the two

additional tolling rules enunciated in *Moran* applies here, plaintiff failed to bring her case to trial within the five-year period of Code of Civil Procedure sections 583.310 and 583.360.[1]

In *Moran* v. *Superior Court, supra,* 35 Cal.3d 229, plaintiff diligently prosecuted her action and had obtained a timely trial date when the case was ordered into judicial arbitration with 41 days of the original 5-year period remaining. After more than one year of arbitration proceedings an arbitration award was entered in favor of plaintiff. Defendant requested a trial de novo. Under the provisions of former section 1141.17, the filing of the award reactivated the running of the five-year period and forty-one days remained until the period (tolled by former § 1141.17 only during the time of actual arbitration) would expire on April 27, 1981. Within days of the filing of defendant's trial request, plaintiff's counsel telephoned the court clerk and advised the clerk of the April 27, 1981, deadline. Counsel was assured by the clerk that the case would be reset within the five-year period. Follow-up calls by plaintiff's counsel to the clerk produced the same assurances, but the clerk sent the case file to storage and no trial date was set. Plaintiff did nothing further to prod the court and on August 12, 1981, defendant moved unsuccessfully to dismiss under former section 583, subdivision (b). Subsequent trial resulted in judgment for plaintiff.

*Moran* held the denial of dismissal was correct on two independent grounds.

The first ground is that the five-year period was tolled from the filing of the arbitration award until the date eventually set by the trial court. This tolling resulted under the then "implied exception to [former] section 583(b)."[2] *Moran* states the "appropriate guideline" for determining "impossibility, impracticability or futility" to be plaintiff's "reasonable diligence" throughout the entire action. *Moran* found that plaintiff had prosecuted the action at all stages, including her postarbitration efforts to ensure a timely

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

Because the case was in judicial arbitration within the last six months before the end of the original five-year mandatory dismissal period of Code of Civil Procedure sections 583.310 and 583.360, the time from the date the action became four and one-half years old on December 2, 1986, until plaintiff filed her request for trial de novo on April 30, 1986, is not included in calculating the five-year period. (§ 1141.17, subd. (b).) Thus, by operation of section 1141.17, as of the date the request for trial de novo was filed, plaintiff had the one month and two days remaining of the original five-year period plus the tolled period of four months and twenty-eight days within which to bring the action to trial; i.e., October 30, 1987.

[2] The "implicit" tolling rule was since codified in section 583.340, subdivision (c) (Stats. 1984, ch. 1705), which tolls the five-year period when it is "impossible, impracticable or futile" to comply therewith due to causes beyond plaintiff's control.

resetting of trial, and thus demonstrated that it was "impossible or impracticable" to set a timely trial date because the trial court failed to do so despite plaintiff's repeated requests.

The second ground stated in *Moran* for upholding the trial court's refusal to dismiss is that by force of former section 1141.20 (now § 1141.20, subd. (b)), trial courts have a sua sponte duty to calendar postarbitration trials ". . . insofar as possible, so that the trial shall be given the same place on the active civil list as it had prior to arbitration, or shall receive civil priority on the next setting calendar." (§ 1141.20, subd. (b); 35 Cal.3d at p. 242.) Since the trial court alone has the power to calendar trials, plaintiffs are entitled to presume that the court will perform this duty. Therefore, the five-year statute is tolled until the postarbitration trial date set by the trial court. (*Id.,* at pp. 241-242.)

There is no dispute that the five-year period in the underlying case was not tolled under the first alternative holding of *Moran* due to plaintiff's lack of diligence in discovery and trial setting efforts prior to arbitration. The critical dispute here concerns the correct interpretation of the second alternative holding of *Moran*.

There is a split in case authority as to the correct interpretation of *Moran's* second alternative holding.

One line of cases, essentially all decided by Division Seven of this court, views *Moran* as intending to effect an automatic and unconditional postarbitration tolling period extending to whatever trial date the court sets. This view is based on the observation that *Moran* does not explicitly refer to plaintiff's reasonable diligence when discussing its second alternative ground for its decision. It is also based upon *Moran's* characterization of former section 1141.20 as placing a "sua sponte" duty upon the trial court to "recalendar" a trial date that preserves plaintiff's position relative to the five-year statute. These cases conclude that plaintiffs have no duty of reasonable diligence to notify the trial court of an imminent five-year deadline to trigger the tolling rule. (*Barna* v. *Passage 350 Canon* (1986) 186 Cal.App.3d 440, 444-448 [230 Cal.Rptr. 764] [holds that tolling occurred under the alternative *Moran* holding where the trial court set the postarbitration trial date beyond the extended five-year period after plaintiff had timely notified the trial court of the correct five-year deadline]; *Paul E. Iacono Structural Engineer, Inc.* v. *Rizzo* (1984) 162 Cal.App.3d 803, 807 [208 Cal.Rptr. 787] [holds tolling occurred under alternative *Moran* holding where the postarbitration trial was set one day prior to extended five-year deadline, without prompting by plaintiff, but the court trailed case

beyond deadline for lack of an available courtroom]; *Ward* v. *Levin* (1984) 161 Cal.App.3d 1026, 1033 [208 Cal.Rptr. 312] [holds tolling occurred under alternative *Moran* holding where plaintiff notified trial court of five-year deadline after arbitration but court negligently set trial beyond that date].)

The second line of cases, all but one from other divisions of this district, hold that *Moran* must be read in light of its facts. Accordingly, *Moran* contemplated a limited duty of reasonable diligence as prerequisite to post-arbitration tolling because the *Moran* plaintiff promptly notified the trial court of the five-year problem and put the court to its statutory duty to calendar trial accordingly. The contrary conclusion would result in cases lingering for indefinite periods, despite the maximum six-month extension of the five-year period under section 1141.17, subdivision (b), until the trial court independently set a trial date. (*Taylor* v. *Hayes* (1988) 199 Cal.App.3d 1407 [245 Cal.Rptr. 613] [holds no tolling occurred under *Moran* alternative holding where arbitration concluded before the last six months of action and plaintiff thereafter failed to notify the court of the five-year deadline or move for special trial setting before the deadline passed]; *Sizemore* v. *Tri-City Lincoln Mercury, Inc.* (1987) 190 Cal.App.3d 84, 88-92 [235 Cal.Rptr. 243] [holds no tolling under *Moran* where plaintiff obtained trial date after arbitration based on his own miscalculation of the extended five-year period; plaintiff's miscalculation did not satisfy plaintiff's prerequisite duty to diligently notify court of correct deadline to permit the court to calendar a timely trial date]; *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1 [225 Cal.Rptr. 905] [holds that plaintiff did not meet duty of reasonable diligence under alternative holding of *Moran* where plaintiff was present at postarbitration trial setting conference and did not notify court of the five-year deadline or object when the court set trial date beyond the deadline];[3] *Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 222-223 [213 Cal.Rptr. 132] [holds five-year period not tolled under *Moran* where plain-

---

[3] One year prior to its decision in *Hill* v. *Bingham,* Division Three decided *Hughes* v. *Southern Cal. Rapid Transit Dist.* (1985) 173 Cal.App.3d 512 [219 Cal.Rptr. 82], which, without analysis, followed *Ward* v. *Levin, supra,* 161 Cal.App.3d 1026, and *Paul E. Iacono Structural Engineer, Inc.* v. *Rizzo, supra,* 162 Cal.App.3d 803, in interpreting the second alternative holding of *Moran* not to require any reasonable diligence by plaintiff after conclusion of arbitration proceedings. We view the subsequent, carefully analyzed decision in *Hill* v. *Bingham* as a recanting of *Hughes.*

The August 1, 1988, Met. News Slip Opinion Supplement, at page 76, reports the most recent opinion of Division 3 (July 29, 1988) *Berry* v. *Weitzman* (1988) 203 Cal.App.3d 351 [249 Cal.Rptr. 816]) which holds that a civil plaintiff's failure to exercise diligence after the filing of a postarbitration request for trial de novo precludes triggering of an indefinite stay of the five-year period under and Code of Civil Procedure section 1141.20 as construed by *Moran* v. *Superior Court.*

tiff obtained postarbitration trial date beyond the five-year period because of his own miscalculation of the extended period].)

Having carefully considered the analyses set forth in the cases in support of the respective, opposing views, we conclude that the latter line of cases states the correct view.[4]

■ The fundamental rule for determining the precedential force and applicability of a case is to ascertain its true holding or ratio decidendi. The rule has been summarized as follows: "The *ratio decidendi* is the principle or rule which constitutes the ground of the decision, and it is this principle or rule which has the effect of a precedent. *It is therefore necessary to read the language of an opinion in the light of its facts and the issues raised,* to determine (a) which statements of law were necessary to the decision, and therefore binding precedents, and (b) which were arguments and general observations, unnecessary to the decision, i.e., dicta, with no force as precedents. [Citations.]" (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 783, pp. 753-754, italics added.) As otherwise stated, general statements in an opinion must be considered in connection with the circumstances of that case. General expressions going beyond the facts ought not to compel the determination in a subsequent case, although such general statements may be respected. (*Achen* v. *Pepsi-Cola Bottling Co.* (1951) 105 Cal.App.2d 113, 125 [233 P.2d 74].) We are, of course, mindful that dictum of the Supreme Court commands serious respect.

Under these guidelines, *Moran* was required to decide only whether the conduct of the plaintiff in the case before it effected a tolling of the five-year statute. It was unnecessary for the *Moran* court to go further and cast a broad, generalized rule absolving nondiligent plaintiffs of their continuous, salutary duty to diligently advance their cases to timely trial and advise the trial court of impending five-year deadlines.

Neither do we believe that the *Moran* court necessarily intended its alternate holding to exceed its facts. The underpinnings of *Moran's* second independent holding are, first, that trial courts have the statutory duty and the exclusive power to actually set a preferential trial date and, second, plaintiffs are thus entitled to presume performance of that duty. However,

---

[4] We also point out that the facts in *Barna, supra,* and *Ward, supra,* show reasonable diligence by the plaintiffs in notifying the trial courts of the postarbitration five-year periods. In *Ward,* plaintiff telephoned the court clerk and sent a follow-up letter advising of the imminent five-year deadline. In *Barna,* the plaintiff "made a number of contacts with the superior court clerk's office by telephone" first seeking trial setting status and then requesting the court to comply with section 1141.20. It was thus unnecessary for those courts to determine whether the alternative holding of *Moran* operates absent such diligence.

implicitly incorporated in this formulation are the circumstances before the *Moran* court of a plaintiff diligently performing his independent duty to at all times keep track of the five-year deadline and inform the trial court of that deadline. (Accord *Taylor* v. *Hayes, supra,* 199 Cal.App.3d 1407; *Sizemore* v. *Tri-City Lincoln Mercury, Inc., supra,* 190 Cal.App.3d 84, 90-92; *Hill* v. *Bingham, supra,* 181 Cal.App.3d 1, 11-12; *Cannon* v. *City of Novato, supra,* 167 Cal.App.3d 216, 221-222.)

We agree with the observation made in *Sizemore* v. *Tri-City Lincoln Mercury, Inc., supra,* 190 Cal.App.3d at page 91, that this implicit incorporation is reflected in the beginning of *Moran's* discussion of its alternative holding where it states: "[P]laintiff 'contends that once [defendant] requested a trial de novo *and the superior court was notified that the five-year limit was rapidly approaching,* it became the duty of the court to set the case for trial in a timely fashion.'" (Quoting *Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 240, italics added.)

The point is made in *Barna, supra,* 186 Cal.App.3d 440, that because *Moran* determined the plaintiff to have met the diligence standard under its first ground for tolling and expressly made its second ground for tolling an *independent* basis of its decision, an interpretation of that alternative ground to require postarbitration diligence would effect a redundant and superfluous holding. However, such an interpretation would not necessarily render the two independent tolling rules duplicative. Tolling under the "impossible or impracticable" rule requires evaluation of plaintiff's reasonable diligence at all stages of the litigation. In contrast, tolling under the second *Moran* rule requires only that, after arbitration, plaintiff notify the trial court of the correct five-year limit. While the *Moran* plaintiff satisfied both diligence requirements, it is easy to conceive of cases where the plaintiff's conduct could qualify under only the second tolling rule.

It is simply more reasonable to believe that *Moran* expected plaintiffs to exercise reasonable diligence to put trial courts on notice of the imminent deadlines. This is so because of the shorter time available to plaintiffs when *Moran* was decided and because this would better serve the goal of ensuring timely trials on the merits.

*Moran* was decided under former section 1141.17, which had the effect of giving plaintiffs only the same time remaining of the five-year period as when the case was assigned to arbitration. Thus, cases coming out of arbitration generally faced imminent five-year deadlines. Characteristic of the operation of former section 1141.17, only 41 days of the 5-year statute remained for the *Moran* plaintiff when the arbitration award was filed. We

find it difficult to explain why *Moran* would construe former section 1141.20 as effecting total abrogation of the ongoing duty of plaintiffs to meet five-year deadlines by notifying trial courts of imminent five-year deadlines and requesting timely trial dates. Continuing that duty, in conjunction with requiring trial courts to set trials before known five-year deadlines, would better serve the fundamental public policy purpose of the mandatory dismissal statute. ■ That purpose, as observed in *Moran,* is to " 'promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed . . . [and] to protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time.' " (35 Cal.3d at p. 237, quoting *General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].)

We also think it of significance that the Legislature reformulated former section 1141.17 by 1983 amendment (Stats. 1983, ch. 123) to provide plaintiffs with the longer six-month period, following a request for trial de novo, within which to bring the case to trial. If *Moran* had correctly construed section 1141.20 to create an unconditional and automatic tolling of the period, until whatever date the trial court eventually set for trial, the subsequent enlargement of the section 1141.17, subdivision (b) tolling period was a useless legislative act.

Real party in interest plaintiff contends that *Taylor* v. *Hayes, supra,* 199 Cal.App.3d 1407, is materially distinguishable because the arbitration there did not occur within the last six months of the original five-year period and trigger tolling under section 1141.17, subdivision (b). This distinction is spurious. The critical statute from which the alternative holding of *Moran* is derived is section 1141.20, not section 1141.17. Thus, it is immaterial for present purposes whether the actual arbitration period was tolled by section 1141.17.

Because of our conclusion, we need not address petitioner's effort to distinguish *Moran* on the factual bases that here it was plaintiff, rather than defendant, who requested the trial de novo, or that here plaintiff had no trial date set prior to assignment of the case to arbitration. We point out, however, that neither the cases discussed herein nor section 1141.20 appear to justify such distinctions. Section 1141.20, subdivision (b), provides generally that cases shall be given a corresponding civil trial date priority or receive civil priority setting. It does not suggest disparate treatment dependent upon whether a trial date had been set prior to arbitration. While it may be argued that public policy more strongly favors ensuring a trial to a plaintiff who has prevailed in arbitration, section 1141.20 suggests no such

preference and petitioner fails to point to any aspect of the judicial arbitration statutes providing less favorable treatment to plaintiffs. We think that both suggested distinctions are immaterial.

■ Finally, we reject real party's contention that the five-year period was tolled during the one year during which petitioner's codefendant, Reich, was in bankruptcy proceedings and a prosecution stay was in effect as to him in the underlying action.

As pointed out by petitioner, the general rule is that bankruptcy stays only toll the five-year period as to the bankrupt. Real party provides no authority for the conclusion that the impossibility of trial as to codefendant Reich in 1986 and 1987 rendered it impossible for her to go to trial against petitioner during that period. It appears certain that Reich could have been called as a trial witness against petitioner during the pendency of the bankruptcy stay because such testimony would not be given as a party to the trial. (See *Lane* v. *Newport Bldg. Corp.* (1986) 176 Cal.App.3d 870, 874-875 [222 Cal.Rptr. 443]; *Hughes* v. *Portsmouth Square, Inc.* (1982) 135 Cal.App.3d 170, 173 [184 Cal.Rptr. 926].)

■ Let a peremptory writ of mandate issue directing respondent to vacate its order of December 31, 1987, which denied the motion of defendant Santa Monica Hospital Medical Center to dismiss case No. C413009 as against it, and to enter a new and different order granting that motion as to that defendant. The temporary stay of commencement of trial issued by this court on April 7, 1988, shall remain in effect until this decision becomes final as to this court.

McClosky, J., and George, J., concurred.