[No. H005826. Sixth Dist. June 27, 1990.]

WILFREDO SERRANO, Plaintiff and Appellant, v.
FMC CORPORATION, Defendant and Respondent.

COUNSEL

Gary B. Wesley for Plaintiff and Appellant.

Orrick, Herrington & Sutcliffe, Garrett Sanderson III and Jon B. Streeter for Defendant and Respondent.

OPINION

ELIA, J.—Wilfredo Serrano appeals from an order dismissing his action for failure to bring the matter to trial within five years. (Code Civ. Proc., §§

583.310, 583.360.) Appellant contends that under *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216] the statute of limitations was tolled by his request for a trial de novo following arbitration, and he had no duty thereafter to exercise diligence in prosecuting the matter. We disagree and affirm the order of dismissal.

## PROCEDURAL HISTORY

Appellant commenced this action on December 14, 1983, asserting negligence, breach of contract, and other causes of action relating to disappointing performance evaluations he had received in his employment at respondent FMC Corporation. In May 1986 the court ordered the case to arbitration. The arbitrator ruled in favor of respondent, finding no evidence to support the allegations of the complaint. On December 23, 1986, appellant made a timely request for a trial de novo pursuant to California Rules of Court, rule 1616.

No further action was taken either by the court or by appellant until November 1988. At that time appellant's counsel contacted the clerk's office of the superior court and was advised to file a new at-issue memorandum. The memorandum was filed on December 2, 1988, with no indication that the five-year dismissal date was approaching. The clerk contacted appellant's counsel on December 6, 1988, and informed him that the case was no longer on the civil active list and that a motion to restore would be necessary. Appellant did not file such a motion at that time and the five-year statutory period elapsed on December 14, 1988.

On February 28, 1989, respondent filed a motion for summary judgment, summary adjudication, and judgment on the pleadings, seeking, inter alia, dismissal of appellant's action pursuant to Code of Civil Procedure section 583.310. Appellant responded by filing a motion to restore the case to the civil active list, and he set his motion for hearing prior to the scheduled hearing on respondent's motion. Neither appellant nor his counsel appeared at the hearing on the motion to restore and the motion was denied.

On March 28, 1989, the court heard respondent's summary judgment motion. The court found that appellant had failed to act with diligence in bringing the case to trial, and ordered the action dismissed on the court's own motion pursuant to Code of Civil Procedure section 583.360. Appellant filed a timely notice of appeal from the order.

DISCUSSION

Code of Civil Procedure section 583.310[1] provides that "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." Section 583.360 states: "An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article."

Section 1141.20, subdivision (b), which addresses requests for trial de novo after arbitration, provides: "Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar." Section 1141.17 makes it clear, however, that the statute of limitations is not tolled when a case is sent to arbitration, unless the action is or remains submitted to arbitration within six months of the expiration of the statutory period.

Appellant contends that the trial court erred in dismissing his action for lack of diligence. He maintains that once he requested a trial de novo pursuant to California Rules of Court, rule 1616(b),[2] it was the sua sponte duty of the trial court to recalendar the case and he had no duty of diligence thereafter in prosecuting the action.

In *Moran* v. *Superior Court, supra*, 35 Cal.3d 229, the trial court ordered an action to arbitration 41 days before the expiration of the 5-year statutory period. After an arbitration award was filed in favor of the plaintiff, the defendant requested a trial de novo. With 24 days remaining before the limitations period expired, plaintiff's attorneys contacted the clerk's office, requesting that the case be reset for trial and be given the same position on the trial calendar as it had had prior to arbitration. (*Id.* at p. 236) The clerk assured the attorneys that the case would be reset within the five-year period. The attorneys made follow-up calls and the clerk repeated these assurances; nevertheless, the case file was sent to the basement for storage and the five-year period elapsed.

The trial court rejected Moran's request to dismiss the plaintiff's action and the Supreme Court affirmed on two independent grounds. First, the

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] This rule governs requests for trial following arbitration. Subdivision (b) provides that following such a request, "[t]he case shall be restored to the civil active list for prompt disposition, in the same position on the list it would have had if there had been no arbitration in the case, unless the court orders otherwise for good cause."

plaintiff had exercised "reasonable diligence" in prosecuting her case, thereby warranting the application of the impossibility exception to excuse her failure to bring the case to trial within the five-year limit. Second, under former section 1141.20 (now § 1141.20, subd. (b)), a trial court has a sua sponte duty to recalendar a postarbitration case for trial, giving it the same priority it had before arbitration.

There is a split of authority in the Court of Appeal—primarily among the divisions of the Second District—regarding the question of whether the second alternative holding encompasses a duty of reasonable diligence by the plaintiff to expedite prosecution of his or her case after arbitration. As explained in *Santa Monica Hospital Medical Center v. Superior Court* (1988) 203 Cal.App.3d 1026, 1031-1032 [250 Cal.Rptr. 384], "One line of cases, essentially all decided by Division Seven of [the Second District], views *Moran* as intending to effect an automatic and unconditional postarbitration tolling period extending to whatever trial date the court sets. This view is based on the observation that *Moran* does not explicitly refer to plaintiff's reasonable diligence when discussing its second alternative ground for its decision. It is also based upon *Moran*'s characterization of former section 1141.20 as placing a 'sua sponte' duty upon the trial court to 'recalendar' a trial date that preserves plaintiff's position relative to the five-year statute. These cases conclude that plaintiffs have no duty of reasonable diligence to notify the trial court of an imminent five-year deadline to trigger the tolling rule. [Citations.] [¶] The second line of cases, all but one from other divisions of [the Second District], hold that *Moran* must be read in light of its facts. Accordingly, *Moran* contemplated a limited duty of reasonable diligence as prerequisite to postarbitration tolling because the *Moran* plaintiff promptly notified the trial court of the five-year problem and put the court to its statutory duty to calendar trial accordingly. The contrary conclusion would result in cases lingering for indefinite periods, despite the maximum six-month extension of the five-year period under section 1141.17, subdivision (b), until the trial court independently set a trial date. [Citations.]"

The court in *Santa Monica Hospital* adopted the reasoning of the second line of cases, holding that, although a plaintiff is entitled to presume a trial court will perform its duty to set a preferential trial date following a request for trial de novo, he nonetheless must "diligently [perform] his independent duty to at all times keep track of the five-year deadline and inform the trial court of that deadline." (203 Cal.App.3d at p. 1034. Accord *Baccus v. Superior Court* (1989) 207 Cal.App.3d 1526, 1536 [255 Cal.Rptr. 781].)

We find persuasive the reasoning in the line of cases represented by *Santa Monica Hospital* and adopt its interpretation of *Moran*. Notwithstanding

the sua sponte duty of the trial court to reset the matter for trial pursuant to section 1141.20, a plaintiff must continue to exercise reasonable diligence by monitoring the case calendar and alerting the court to the impending expiration of the statutory period.

Appellant alternatively argues that he displayed the diligence required by this holding, in that he contacted the clerk's office in November 1988, filed a new at-issue memorandum, and told the clerk in December 1988 that the five-year deadline was imminent. These efforts, however, were belated and inadequate. The arbitration ruling in this case was filed December 2, 1986, more than *two years* before the statute of limitations period would expire. After requesting a trial de novo on December 23, 1986, appellant did absolutely nothing to advance his case for trial until November 1988, when his counsel inquired of the clerk about the case. Appellant's second at-issue memorandum was not filed until December 2, less than two weeks before the statutory period was to expire. The memorandum failed to alert the court that the deadline was imminent. Appellant took no further action thereafter, even when the clerk telephoned his counsel to inform him that he must submit a motion to restore the case to the civil active list. He did not file such a motion until he was confronted with respondent's request for dismissal of the case, nearly three months after the statutory period had elapsed. Even then appellant did nothing, failing even to appear at the hearing on his own motion to restore.

In short, the record establishes that appellant ignored the approach of the statutory deadline until the eleventh hour and beyond. Hence, we can only conclude that appellant demonstrated a lack of diligence in bringing his case to trial within the five-year period. The trial court correctly dismissed the action pursuant to Code of Civil Procedure section 583.360.

### DISPOSITION

The order of dismissal is affirmed.

Premo, Acting P. J., and Cottle, J., concurred.