228 Cal.App.3d 454 (1991)
278 Cal. Rptr. 825
SHUKRY MESSIH, Plaintiff and Appellant,
v.
HENRY LEVINE et al., Defendants and Respondents.
Docket No. B046114.
Court of Appeals of California, Second District, Division Seven.
March 12, 1991.
*455 COUNSEL
Shukry Messih, in pro. per., and David J. Duchrow for Plaintiff and Appellant.
Stockdale, Peckham & Werner and Paul F. Sowa for Defendants and Respondents.
*456 OPINION
WOODS (Fred), J.
Almost seven years after it was filed, a complaint was dismissed pursuant to the mandatory five-year dismissal statute (Code Civ. Proc.,[1] § 583.310[2]). Appellant claims the limitation period was automatically tolled by his postarbitration trial de novo request, by the filing of his appeals, and because it was "impossible, impracticable, or futile" (§ 583.340) to bring the action to trial sooner. We reject appellant's claims and affirm the judgment.

PROCEDURAL BACKGROUND
On November 22, 1982, appellant, a pharmacist, filed a four-count complaint alleging wrongful termination. An answer was filed February 15, 1983. Delays were immediate and varied. On September 28, 1983, appellant's attorney, Eli M. Kantor, moved to withdraw as attorney of record, declaring under penalty of perjury that appellant had "repeatedly refused to answer routine interrogatories, such as his social security number and drivers license." Mr. Kantor further declared that appellant, despite repeated requests, refused to relinquish an original prescription belonging to respondent Lee Drug Co. The withdrawal motion was granted November 7, 1983. On November 15, 1983, appellant moved for reconsideration and on December 22, 1983, the court denied his motion. Appellant, on January 30, 1984, filed a notice of appeal from the November 7 and December 22 orders. We later discuss the disposition and significance of this appeal. (Other interim procedural events are considered as relevant to appellant's contentions.) On September 8, 1987, the matter was ordered into arbitration. An award was made March 15, 1988, and on April 14, 1988, appellant requested a trial de novo. A trial was set for November 8, 1989, but on August 30, 1989, the trial court granted respondents' motion to dismiss. (§ 583.340).

DISCUSSION

Standard of review
(1) "A trial court's ruling on a motion to dismiss ... will be disturbed only upon a showing of a manifest abuse of discretion." (Lauriton v. Carnation Co. (1989) 215 Cal. App.3d 161, 164 [263 Cal. Rptr. 476]; accord Wheeler v. City of Santa Monica (1990) 219 Cal. App.3d 1554, 1560 [269 Cal. Rptr. *457 175].) "The burden is on the plaintiff to establish the existence of impossibility or impracticability." (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings without Trial, § 141, p. 446.)

Postarbitration request for a trial de novo
(2) Appellant contends that his April 14, 1988, request for a trial de novo automatically tolled the five-year limitation period until November 8, 1989, the trial date set by the trial court. Appellant relies upon Moran v. Superior Court (1983) 35 Cal.3d 229 [197 Cal. Rptr. 546, 673 P.2d 216] and certain later cases construing Moran.
Moran found that the trial court had correctly denied a five-year statutory dismissal motion for two independent reasons. First, because of an implied "impossibility, impracticability, or futility" exception. Second, because trial courts have a sua sponte duty to calendar postarbitration trials and since the trial court alone has the power to calendar trials, plaintiffs are entitled to presume that the court will perform this duty. Therefore, the five-year statute is tolled until the postarbitration trial date set by the trial court.
As to Moran's second alternative holding there had been a split in case authority.
Division Three of the Second District initially construed Moran as eliminating plaintiff diligence from trial de novo request to trial date. (Hughes v. Southern Cal. Rapid Transit Dist. (1985) 173 Cal. App.3d 512 [219 Cal. Rptr. 82].) Seven months later that court recanted, holding that a plaintiff had an ongoing duty of due diligence and "must bring to the trial court's attention the time frame of the case." (Hill v. Bingham (1986) 181 Cal. App.3d 1, 11-12 [225 Cal. Rptr. 905].)
Similarly, Division Seven of the Second District initially construed Moran as requiring an automatic tolling from trial de novo request until the trial date irrespective of plaintiff diligence or nondiligence (Ward v. Levin (1984) 161 Cal. App.3d 1026 [208 Cal. Rptr. 312]; Paul E. Iacono Structural Engineer, Inc. v. Rizzo (1984) 162 Cal. App.3d 803 [208 Cal. Rptr. 787]; Barna v. Passage 350 Canon (1986) 186 Cal. App.3d 440 [230 Cal. Rptr. 764].) But just as Division Three departed from its initial interpretation of Moran, we subsequently held that to obtain tolling benefits a plaintiff must do more than just request a trial de novo. He must notify the trial court of the five-year deadline and continue to exercise reasonable diligence. (Baccus v. Superior Court (1989) 207 Cal. App.3d 1526, 1535-1536 [255 Cal. Rptr. 781].)
*458 Our decision in Baccus ended the split in authority concerning Moran's second alternative holding. All courts which have addressed the issue now agree that a plaintiff, notwithstanding his request for a trial de novo, has an ongoing duty of reasonable diligence. (2d Dist., Div. 1: State of California v. Superior Court (1979) 98 Cal. App.3d 643 [159 Cal. Rptr. 650]; 2d Dist., Div. 2: Sizemore v. Tri-City Lincoln Mercury, Inc. (1987) 190 Cal. App.3d 84 [235 Cal. Rptr. 243]; 2d Dist., Div. 3: Hill v. Bingham, supra, 181 Cal. App.3d 1; Berry v. Weitzman (1988) 203 Cal. App.3d 351 [249 Cal. Rptr. 816]; 2d Dist., Div. 4: Santa Monica Hospital Medical Center v. Superior Court (1988) 203 Cal. App.3d 1026 [250 Cal. Rptr. 384]; 2d Dist., Div. 5: Taylor v. Hayes (1987) 199 Cal. App.3d 1407 [245 Cal. Rptr. 613]; 2d Dist., Div. 7: Baccus v. Superior Court, supra, 207 Cal. App.3d 1526; 1st Dist., Div. 3: Cannon v. City of Novato (1985) 167 Cal. App.3d 216 [213 Cal. Rptr. 132]; 4th Dist., Div. 3: Marchuk v. Ralphs Grocery Co. (1990) 226 Cal. App.3d 1273 [276 Cal. Rptr. 627]; 6th Dist.: Serrano v. FMC Corp.[3] (1990) 221 Cal. App.3d 1027 [271 Cal. Rptr. 41]; Dresser v. Bindi[4] (1990) 221 Cal. App.3d 1493 [271 Cal. Rptr. 137].)
We find that postarbitration tolling requires reasonable diligence on a plaintiff's part. (Baccus v. Superior Court, supra, 207 Cal. App.3d 1526, 1535.) Appellant failed to exercise such diligence. During the six-month period following his request for a trial de novo (§ 1141.17[5]) appellant did not notify the court of the five-year deadline nor take any steps to bring the action to trial. For example, on September 12, 1988, about a month before the five-year deadline, the court notified appellant of a November 2, 1988, status conference. Appellant not only failed to inform the court that this date was beyond the five-year deadline but appellant failed to appear at the conference.
We conclude that the five-year statute was not tolled by appellant's postarbitration trial de novo request.

*459 Appellant's January 30, 1984, appeal

(3) Appellant contends that by filing his January 30, 1984, notice of appeal the jurisdiction of the trial court was stayed and prosecution of his action was impossible, impracticable, and futile. Appellant is mistaken.
The appeal was from the November 7, 1983, trial court order allowing Mr. Kantor to withdraw as appellant's lawyer and from the December 22, 1983, order denying appellant's reconsideration motion. Section 916 provides in pertinent part that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby ... but the trial court may proceed upon any other matter embraced in the action...." Accordingly, even if the orders were appealable, the trial court retained general jurisdiction over the action and its prosecution was not impossible, impracticable, or futile.
But as Division Five of this District held in dismissing appellant's appeal, the orders were not appealable. (Messih v. Lee Drug, Inc. (1985) 174 Cal. App.3d 312 [220 Cal. Rptr. 43].) Messih also noted that the appeal was untimely and that "there is a total lack of substantive merit in plaintiff's contentions on appeal." (Id. at p. 315, fn. 4.)
An appeal from nonappealable orders does not toll the limitations statute. (Stuart v. Hollywood Turf Club (1956) 146 Cal. App.2d 261, 264 [303 P.2d 897].) Christin v. Superior Court (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], relied upon by appellant, is legally and factually distinguishable.
Appellant's contention is without merit.
In a related argument, appellant asserts that the action was stayed by the trial court's denial of respondents' discovery motion. (§ 583.340, subd. (b).)[6] Respondents' motion to compel production and inspection of documents was denied on April 24, 1984, the court stating, "Denied without prejudice, to renew after responding party's appeal is heard." We disagree with appellant.
*460 By its order the trial court did not explicitly or impliedly stay proceedings. For example, a short time later, on September 8, 1987, it conducted a trial setting conference and ordered the case into arbitration. Moreover, the order only affected discovery by respondent, not appellant, and did not foreclose continued voluntary discovery by both parties. Additionally, if the order temporarily slowed prosecution of the trial, appellant cannot complain because he caused that slowing by his groundless appeal. (See Kaye v. Mount La Jolla Homeowners Assn. (1988) 204 Cal. App.3d 1476, 1485-1486, fn. 4 [252 Cal. Rptr. 67].)

Appellant's January 25, 1988, appeal
This appeal by appellant was from an order compelling him to attend his deposition, continuing the arbitration date until after that deposition, and granting respondents $722 in fees and costs. Appellant contends this appeal tolled the five-year statute. It did not.
Except for the narrow subject matter of the appealed from orders, the trial court retained full jurisdiction to proceed with the action. (§ 916.) Moreover, on May 16, 1988, the appeal was dismissed for failure to pay the filing fee, and a remittitur issued July 18, 1988.
Appellant's January 25, 1988, appeal did not toll the five-year statute.

Appellant's challenges to the trial judge
Appellant claims the limitation period was tolled by his challenges to the trial judge. He is mistaken.
Appellant filed two challenges to the trial judge. His section 170.6 challenge was filed on March 23, 1989, over five months after the five-year expiration date, and denied as untimely that same day.
Appellant simultaneously filed a challenge for actual bias (§ 170.3) against the trial judge, alleging that he had "given legal advice to defendants' attorney." Six days later the trial judge filed his response. On May 2, 1989, the judge selected to determine the disqualification of the trial judge denied the challenge stating, "The affidavit filed in this action is totally meritless."
The challenges to the trial judge did not toll the limitation period: they were each meritless and filed after the five-year period had expired.

*461 Judgment on the pleadings

Appellant contends the trial court erred in granting respondents' motion for judgment on the pleadings as to two of the four alleged causes of action.
We need not address this claim. The motion was granted on June 14, 1989, eight months after the October 14, 1988, five-year limitation deadline. Appellant suffered no prejudice.

DISPOSITION
The judgment is affirmed. Costs on appeal are awarded to respondents.
Lillie, P.J., concurred. Johnson, J., concurred in the judgment only.
Appellant's petition for review by the Supreme Court was denied June 5, 1991. Mosk, J. was of the opinion that the petition should be granted.
NOTES
[1] Unless otherwise noted, all statutory references are to the Code of Civil Procedure.
[2] The section provides: "An action shall be brought to trial within five years after the action is commenced against the defendant."
[3] Serrano erroneously refers to "a split of authority in the Court of Appeal  primarily among the divisions of the Second District." (Id. at p. 1031.) Although it cites Baccus (ibid.) it apparently fails to recognize that Baccus ended the "split of authority."
[4] Dresser repeats the "split of authority" error of Serrano and cites but fails to acknowledge the significance of Baccus. (Id. at p. 1497.)

We did not intentionally create Baccus with a stealth design. But it seems to have one. It eluded the briefs of both appellant and respondent, although respondent did cite it to the court in a postbrief letter. Marchuk, however, recognizes Baccus and with it, the end of the "split of authority." (Marchuk, supra, 226 Cal. App.3d 1273, 1279, fn. 5.)
[5] The section provides:

"(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Chapter 1.5 (commencing with Section 583.110) of Title 8 of Part 2, except as provided in this section.
"(b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310."
[6] Section 583.340 provides: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

"(a) The jurisdiction of the court to try the action was suspended.
"(b) Prosecution or trial of the action was stayed or enjoined.
"(c) Bringing the action to trial, for any reason, was impossible, impracticable, or futile."