[No. D006125. Fourth Dist., Div. One. July 29, 1988.]

WILLIAM BARNICK, Plaintiff and Appellant, v.
LONGS DRUG STORES, INC., Defendant and Respondent.

COUNSEL

Mark R. Moore for Plaintiff and Appellant.

Richard D. Heinrich and Russell B. Wagner for Defendant and Respondent.

OPINION

**TODD, J.**—William Barnick appeals a summary judgment granted in favor of Longs Drug Stores, Inc., (Longs) in his superior court lawsuit against Longs for wrongful termination, breach of contract, conversion, and breach of the covenant of good faith and fair dealing. Barnick contends (1) Longs's failure to plead lack of jurisdiction should have been fatal to its summary judgment motion, (2) inadmissible evidence was presented to support the summary judgment, and (3) his entire lawsuit does not fall within the exclusive jurisdiction of the federal courts. The last contention has merit because not all of Barnick's causes of action totally relate to a benefit plan subject to ERISA,[1] which is preempted by federal law. Inasmuch as we find

---

[1] ERISA is the Employee Retirement Income Security Act of 1974, title 29 United States Code section 1001 et seq. ERISA is a comprehensive regulatory scheme intended to protect

Barnick's claims are, in part, not preempted by ERISA, we reverse the summary judgment.

### FACTS

Barnick was an employee of Longs under a written and oral contract from September 1972 until November 3, 1980, when he was fired by his store manager. During the employment, Barnick participated in a pension profit sharing plan that is governed by ERISA. Barnick contended during discovery (in a deposition and answers to interrogatories) that Longs fired him to prevent his plan benefits from fully vesting. Longs filed a motion for summary judgment urging that the state court lacked subject matter jurisdiction over Barnick's lawsuit since federal law preempted state law here.

### DISCUSSION

### I

Barnick contends Longs's failure to plead lack of jurisdiction in its answer to his complaint should have defeated its motion for summary judgment. In essence, Barnick is arguing that lack of subject matter jurisdiction must be raised as an affirmative defense. Barnick is wrong.

■ Subject matter jurisdiction is the "power to hear or determine the case." (See *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) Without subject matter jurisdiction, the court has no power to determine the case. Lack of subject matter jurisdiction therefore is such a basic defect that it can be raised at any time by any available procedure. (Cal. Practice Guide, *Civil Procedure Before Trial,* 3:189-190, pp. 3-64.) "[L]ack of jurisdiction is not subject to waiver and may be raised at any stage of the proceedings . . . ." (*Jacobs* v. *Retail Clerks Union, Local 1222* (1975) 49 Cal.App.3d 959, 963 [123 Cal.Rptr. 309].) The fundamental nature of subject matter jurisdiction also is recognized by statute, which provides the issue will not be waived if it is not raised in the pleadings.

Code of Civil Procedure section 430.80 reads in pertinent part: "(a)  If the party against whom a complaint or cross-complaint has been filed fails to object to the pleading, either by demurrer or answer, that party is deemed to have waived the objection unless it is an objection that the court has no jurisdiction of the subject of the cause of action alleged in the

the interests of employees in fringe benefit plans offered by employers. (*Shaw* v. *Delta Air Lines, Inc.* (1983) 463 U.S. 85, 90 [77 L.Ed.2d 490, 497, 103 S.Ct. 2890, 2896].)

pleading or an objection that the pleading does not state facts sufficient to constitute a cause of action."

In interpretating Code of Civil Procedure section 430.80, the courts have taken a straightforward approach. For example, in *Buford* v. *State of California* (1980) 104 Cal.App.3d 811, 826 [164 Cal.Rptr. 264], the court observed: "[T]wo defects of substance—lack of jurisdiction and failure to state a cause of action—are not waived by a failure to demur and may be raised for the first time on appeal. (See Code Civ. Proc., § 430.80; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 808, p. 2418.)" Also, in *McKinny* v. *Board of Trustees* (1982) 31 Cal.3d 79, 90 [181 Cal.Rptr. 549, 642 P.2d 460], our Supreme Court stated the rule: "It is elementary that a plaintiff who lacks standing cannot state a valid cause of action; therefore, a contention based on a plaintiff's lack of standing cannot be waived under Code of Civil Procedure section 430.80 and may be raised at any time in the proceeding."

Considering the fundamental nature of subject matter jurisdiction and the explicit language of Code of Civil Procedure section 430.80, we see no reason to justify a different interpretation here.[2]

## II

Barnick contends Longs presented evidence that was inadmissible and untimely at the summary judgment hearing. We disagree.

Longs submitted the following exhibits along with its summary judgment motion: a declaration by Longs's in-house counsel; a copy of the employee handbook on Longs's benefit program; parts of a deposition by Barnick, and answers to interrogatories propounded to Barnick. Barnick objected to Longs's evidence on three grounds: lack of authentication; irrelevancy, and hearsay. In its reply to the opposition, Longs attached a new declaration that answered some of the authentication problems raised by Barnick.[3] Barnick, however, claims the reply was not timely filed pursuant to Code of Civil Procedure section 437c, subdivision (b).

First, we observe the record does not bear out Barnick's timeliness contention. Next, we conclude Barnick's relevancy objection lacks merit

---

[2] Barnick argues for a rule which would preclude affirmance of the trial court simply because he is now time-barred under federal law. We can find no support in law or equity for this contention.

[3] Attorney Russell Wagner's declaration was sufficient to authenticate the answers to the interrogatories. Barnick's contention the Wagner declaration was insufficient to authenticate the deposition seems well founded since Wagner was not present at the deposition.

because the record shows the evidence in question goes to a point raised by Barnick in his statement of disputed facts. (See Evid. Code, § 210.) Finally, Barnick's objection to the employee handbook on Longs's benefit program on the basis of it being hearsay is meritless. While a potentially meritable objection could have been raised to the handbook on the basis of the best evidence rule, Barnick has failed to do so. Accordingly, we do not address the best evidence issue. In ruling that it lacked jurisdiction because of federal preemption, the trial court found Longs had presented evidence the employee plan was governed by ERISA and Barnick had failed to refute the evidence. On this record, it was proper to rely on the employee handbook for this evidentiary point.

## III

■ Barnick contends his lawsuit does not fall within the exclusive jurisdiction of the federal courts. He also argues that his complaint includes several independent causes of action, some of which have nothing to do with the benefit plan, and, therefore, those causes of action are not preempted by ERISA. These contentions have merit.

The purpose of ERISA is to: "[P]rotect . . . participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." (29 U.S.C. § 1001(b).)

ERISA includes a "virtually unique pre-emption provision" (*Franchise Tax Bd.* v. *Const. Laborers Vacation Trust* (1983) 463 U.S. 1, 24, fn. 26 [77 L.Ed.2d 420, 440, 103 S.Ct. 2841]), which provides: "Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." (§ 514(a), as set forth in 29 U.S.C. 1144(a) (preemption clause).)

"Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." (§ 514(b)(2)(A), as set forth in 29 U.S.C. § 1144(b)(2)(A) (savings clause).)

"Neither an employee benefit plan . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer,

bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." (§ 514(b)(2)(B), as set forth in 29 U.S.C. § 1144(b)(2)(B) (deemer clause).)

As United States Supreme Court Justice Sandra Day O'Connor succinctly explained in the recent case of *Pilot Life Ins. Co.* v. *Dedeaux* (1987) 481 U.S. 41, 45 [95 L.Ed.2d 39, 46, 107 S.Ct. 1549, 1552]:

"If a state law 'relate[s] to . . . employee benefit plan[s],' it is pre-empted. § 514(a). The saving clause excepts from the pre-emption clause laws that 'regulat[e] insurance.' § 514(b)(2)(A). The deemer clause makes clear that a state law that 'purport[s] to regulate insurance' cannot deem an employee benefit plan to be an insurance company. § 514(b)(2)(B)."

In *Pilot Life,* an employee of a company who had suffered a work-related injury brought contract and tort claims against the employer's insurance company after his disability benefits under the employer's ERISA-regulated welfare benefit plan were cut off. In its most emphatic pronouncement regarding ERISA preemptions, the Supreme Court in *Pilot Life* held ERISA preempts the employee's suit under state common law for alleged improper processing of his claim for benefits under the ERISA-regulated benefit plan.

The *Pilot Life* court, noting that ERISA provides a "comprehensive civil enforcement scheme" in section 502(a), as set forth in 29 United States Code, section 1132(a), justified ERISA's almost total remedial exclusivity by characterizing it as "a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." (*Pilot Life, supra,* 481 U.S. at p. 54 [95 L.Ed.2d at p. 52, 107 S.Ct. at p. 1556].)

In determining whether ERISA preemption exists here, the key is whether the causes of action asserted in Barnick's lawsuit "relate to" Longs's employee benefit plan. (See § 514(a), as set forth in 29 U.S.C. § 1144(a).) It is clear that the phrase "relate to" has a broad meaning, "such that a state law 'relate[s] to' a benefit plan . . . if it has a connection with or reference to such a plan." (*Pilot Life, supra,* 481 U.S. at p. 47 [95 L.Ed.2d at pp. 47-48, 107 S.Ct. at p. 1553], quoting *Metropolitan Life Ins. Co.* v. *Massachusetts* (1985) 471 U.S. 724, 739 [105 S.Ct. 2380], which in turn quoted *Shaw*

v. *Delta Air Lines, supra,* (1983) 463 U.S. 85, 97 [77 L.Ed.2d 490, 501, 103 S.Ct. 2890]; see also *Sorosky* v. *Burroughs Corp.* (9th Cir. 1987) 826 F.2d 794, 799-800.)

Barnick pleaded five causes of action: breach of [employment] contract; wrongful termination; breach of [benefits plan] contract; conversion, and breach of the covenant of good faith and fair dealing. Each of the five causes of action raised in Barnick's lawsuit repeats the general allegation about the existence of Longs's employee profit sharing plan—and therefore meets the "relate to" criterion for preemption under section 514(a), as set forth in 29 United States Code, section 1144(a). If that were all there was to this lawsuit, it would clearly be preempted by ERISA.

However, the first two causes of action—for breach of [employment] contract and wrongful termination—actually include more than one theory of liability and damages. In each of these first two causes of action, Barnick also relies on theories that have no relationship to the plan. In his first cause of action, Barnick alleges Longs violated its employment policies and procedures, which are unrelated to its profit sharing plan, in terminating him and thereby deprived him of income and benefits due to him under the contract, as well as under the plan. Similarly, in his second cause of action, Barnick alleges Longs terminated him because he refused to violate certain state statutes[5] and thereby deprived him of income and benefits due to him under the employment contract. Thus, Barnick has stated a breach of contract cause of action and a wrongful termination cause of action that are independent of the profit sharing plan and should not be preempted. To the extent that Barnick's first two causes of action refer to the profit sharing plan, they are preempted.[6]

We are guided in large part by Judge Wallace's opinion in *Sorosky* v. *Burroughs Corp., supra,* 826 F.2d 794, which also was an appeal from a summary judgment based on ERISA preemption in a wrongful discharge lawsuit. The Ninth Circuit Court of Appeals held the discharged employee's lawsuit was not totally preempted by ERISA: "Sorosky intially pleaded six claims, but he does not challenge the summary judgment entered with respect to his second (misrepresentation) and sixth (declaratory relief) claims. His first claim for 'breach of contract/wrongful discharge' actually includes several different theories. Certain of the allegations frame a theory relating to Burroughs's employee benefit plan. In substance, Sorosky alleges that Burroughs agreed in writing to provide him with monthly retirement benefits and then sought to prevent him from acquiring those benefits. To

---

[5] Labor Code sections 551, 552, 850 and 851.

[6] We have no quarrel with the trial court's finding as a matter of law that Barnick's third, fourth and fifth causes of action are preempted by ERISA.

the extent that this first claim refers to the the employee benefit plan, it is preempted. Sorosky also alleges breach of contract or wrongful discharge on theories that have no relationship to the benefit plan—for example, discharge without good cause. This first claim is not preempted to the extent it relies on theories independent of the benefit plan." (*Sorosky* v. *Burroughs Corp., supra,* 826 F.2d at p. 800.)

## DISPOSITION

Since there was no request for summary adjudication of issues (see Code Civ. Proc., § 437c, subd. (f)) but only a request for summary judgment of the entire action, we must reverse the judgment in its entirety. Judgment reversed. Neither party shall recover costs.

Wiener, Acting P. J., and Haden, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.