[No. B040523. Second Dist., Div. Four. May 3, 1990.]

LEO WHEELER, Plaintiff and Appellant, v.
CITY OF SANTA MONICA, Defendant and Respondent.

COUNSEL

Strange & Hoey, Brian R. Strange and Gerald R. Lampton for Plaintiff and Appellant.

Robert M. Myers, City Attorney, and May Denitz, Deputy City Attorney, for Defendant and Respondent.

OPINION

GOERTZEN, J.—Plaintiff/appellant Leo Wheeler (appellant) appeals from a judgment of dismissal for failure to bring an action to trial within five years. (Code Civ. Proc., § 583.360.)[1] He relies upon section 583.340, subdivision (a), which provides for a tolling of the five-year statute for periods during which "the jurisdiction of the court to try the action was suspended"; and, alternatively, upon *Moran v. Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216], which, in part, held that the time between the filing of an arbitration award and the date the trial de novo is set shall be excluded from calculation of the five years. The particular facts of this case prompt us to reject these contentions; consequently, we affirm.

FACTS AND PROCEDURAL HISTORY

On February 11, 1983, appellant was arrested in the City of Santa Monica and charged with an offense of which he subsequently was found not guilty.

---

[1] Subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

*Municipal Court Procedure.* On November 2, 1983, in propria persona, appellant filed his initial complaint against defendant/respondent City of Santa Monica (the City). The complaint was filed in Santa Monica Municipal Court and sought damages for injuries appellant sustained because of his alleged false arrest.

On August 13, 1986, appellant, now represented by counsel, filed a memo to set the case for trial. On September 4, 1986, the matter was sent to arbitration on the court's own motion. The arbitrator found for appellant and awarded him $500 damages. The award was filed in the municipal court on April 23, 1987. Appellant filed a request for trial de novo on May 20, 1987. The de novo trial was set for August 31, 1987.

On August 28, 1987, appellant filed an ex parte application to file an amended complaint and to remove the action to the superior court. The amended complaint, which was attached, differed from the original complaint because it included a cause of action for deprivation of civil rights pursuant to 42 United States Code section 1983 and sought $150,000 in punitive damages for each of his five causes of action except the third. The court treated this as an application for an order shortening time, vacated the de novo trial date, and granted appellant's request for an order shortening time on his motion to amend. On September 2, 1987, appellant filed a notice of motion to file an amended complaint and to remove the action to superior court. The amended complaint was attached as an exhibit.

On September 17, 1987, the court granted appellant's motion to amend his complaint, transferred the matter to the superior court, denied the City's request for sanctions, and ordered appellant to pay the fees to transfer the matter. The order to pay transfer fees appears in the court's minute order but not in the notice of ruling prepared by appellant's counsel.[2]

On December 23, 1987, upon receipt of the transfer fees, the municipal court transferred all pleadings and papers to the superior court. On December 28, 1987, the superior court notified the parties that it had received the case and had assigned it a superior court case number.

*Superior Court Procedure.* On July 13, 1988, appellant served on the City a motion to specially set the case for trial with a hearing date of August 2, 1988. The motion was made on the ground that the case would be five years old on November 2, 1988, and there was a risk of dismissal. The matter was taken off calendar because the file had been misplaced.

---

[2] In a later declaration, appellant's counsel explained that the transfer fee payment was late because he was unaware of the court order requiring same; but when he learned of it, he immediately messengered the money to the court.

On August 23, 1988, appellant filed an ex parte application to shorten time, based upon the impending five-year expiration, and an application for entry of the City's default, or in the alternative to compel the City to answer. The application sought a hearing date 10 days hence; however, while the court granted appellant's request, it set the hearing for September 30, 1988.

In the meantime, on September 8, 1988, the City filed a demurrer to the first amended complaint. The City noticed the hearing for November 4, 1988, two days after the five years would have run. Consequently, appellant filed another ex parte application to set the hearing on the demurrer for September 30, 1988, pointing out the approach of the five-year deadline. The court granted this request.

In his opposition to the demurrer, appellant reminded the court of the impending five-year limit.

On September 30, 1988, the court dismissed appellant's cause of action for deprivation of his civil rights and overruled the City's demurrer as to all remaining causes of action. On October 17, 1988, the City answered the complaint.

On October 18, 1988, appellant filed an at-issue memorandum in superior court as well as an ex parte application for an order shortening time for a second motion to specially set the case for trial on a date prior to November 2, 1988. In these papers, appellant again pointed out the impending five-year limit. The court granted the application and set the hearing on the motion for October 25, 1988. Alternatively, the motion to specially set asked the court to rule that the period of time during which the case was being transferred from municipal court to superior court would be excluded in calculating the running of the five years under section 583.340.

In opposition, the City argued that the 15-day notice of trial requirement of section 594, subdivision (a), precluded setting the trial before November 2, 1988, and that the delay in transferring the case from municipal court having resulted from appellant's failure to pay the required transfer fees did not involve a "suspension of jurisdiction" within the meaning of section 583.340.

At the hearing on the motion, appellant took the further position that the time during which the matter was in arbitration should be excluded from the five-year calculation. The court ruled that the City was entitled to a 15-day notice but took the matter under submission, requesting further briefing on the question of whether the arbitration period tolled the 5-year statute.

In his supplemental briefing, appellant expanded his "arbitration period" argument. Citing *Moran* v. *Superior Court, supra,* 35 Cal.3d 229, he further asserted that the period between the filing of the arbitration award and the trial de novo date must be excluded from the five-year calculation. On November 9, 1988, the court denied appellant's motion to specially set the matter for trial. Appellant filed two motions for reconsideration. After additional briefing and two more hearings, the court denied these motions.[3]

On November 15, 1988, the City moved for dismissal of this action pursuant to section 583.360 on the ground the action had not been brought to trial within five years of the date the complaint was filed. The motion to dismiss was granted on January 27, 1989, and the judgment of dismissal was entered that day.

## DISCUSSION[4]

As stated above, the action was filed November 2, 1983, and dismissed when the motion to dismiss was granted on January 27, 1989. Thus, five years had elapsed, and the dismissal was proper unless the period was tolled for some reason.

---

[3] The court's minute order offered the following rationale: "A showing of reasonable diligence is a pre-requisite to post arbitration tolling (Santa Monica Hospital Medical Center vs. Superior Court, 203 CA 3rd 1026). [¶] Plaintiff filed his request for a trial de novo on May 20, 1987, and was assigned a trial date on July 14, 1987, [*sic*] approximately 16 months before the 5 year period expired (11/2/88). Plaintiff, thereafter, chose to move the case to the Superior Court and amend his complaint to assert new causes of action, with the result that plaintiff was not in a position to file an at-issue memorandum until October 18, 1988. This did not allow sufficient time for Plaintiff to give Defendant 15 days notice of trial prior to 11/2/88. [¶] Under the circumstances here presented, Plaintiff failed to act with reasonable diligence to bring his case to trial within the statutory time, and is not entitled to post-arbitration tolling. [¶] Plaintiff is not entitled to an extension of the 5 year period during the time it was submitted to Arbitration [citation], nor during the time the action was in the process of transfer from the Municipal to the Superior Court (Moore vs. Powell 70 CA 3rd 583). [¶] There are no grounds to extend the 5 year mandatory dismissal period. Plaintiff was unable to provide a 15 day notice of trial before the period expired. The motion to specially set is denied."

[4] The code sections pertinent to this appeal are: section 396, which, in pertinent part, provides: "If an action or proceeding is commenced in . . . a court which has jurisdiction of the subject matter thereof as determined by the complaint . . . , and it thereafter appears from the verified pleadings, . . . that the determination of the action . . . will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action . . . is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action . . . to a court having jurisdiction thereof . . ."; section 583.310, which provides: "An action shall be brought to trial within five years after the action is commenced against the defendant"; and section 583.360, which provides: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

■ We begin our discussion with the reminder that the trial court has some discretion to grant or deny a request to dismiss, and a reviewing court is not inclined to intervene unless there is a manifest abuse of that discretion. (*Chapin* v. *Superior Court* (1965) 234 Cal.App.2d 571, 576 [44 Cal.Rptr. 496].)

Here, appellant asserts the court abused its discretion when it refused to subtract from the five-year calculation the time it took to transfer his case from municipal court to superior court; and, alternatively, when it refused to subtract from the five-year calculation the time between the date the arbitrator's award was filed and the date the trial de novo was set.

1. *Lack of Jurisdiction.* In pertinent part, section 583.340 provides: "In computing the time within which an action must be brought to trial . . . , there shall be excluded the time during which . . . [¶] (a) The jurisdiction of the court to try the action was suspended." ■ Citing *Schwenke* v. *J & P Scott, Inc.* (1988) 205 Cal.App.3d 71 [252 Cal.Rptr.20], appellant contends that the running of the five-year statute was suspended from September 2, 1987, when he filed his verified complaint attached to his motion to transfer, until December 28, 1987, when the superior court assumed jurisdiction, which totals one hundred seventeen days. This is so, he contends, because the municipal court lacked subject matter jurisdiction, and the superior court had yet to assume it.

The pertinent facts in *Schwenke* are as follows: After Schwenke filed a verified complaint on December 31, 1981, an unverified cross-complaint was filed on June 29, 1982, which prayed for damages beyond the jurisdiction of the municipal court. The cross-defendant moved to have the action transferred on December 8, 1982, and the municipal court so ordered on February 1, 1983. The superior court received it on March 14, 1983. On June 4, 1987, the motion to dismiss Schwenke's complaint for failure to prosecute was granted, and the judgment was entered on July 2, 1987. (*Schwenke* v. *J & P Scott, Inc., supra,* 205 Cal.App.3d at p. 74.) Among other things, on appeal Schwenke argued that the municipal court had lost jurisdiction when cross-defendant filed his cross-complaint indicating the damages beyond the municipal court's jurisdictional limit, and that the jurisdiction remained suspended until the matter was transferred and refiled in the superior court, a period of almost eight and one-half months.

The *Schwenke* court discussed the nature of the jurisdiction which had been lost, and concluded that lack of subject matter jurisdiction was at issue. It next reviewed the relationship between sections 396 and 583.340 and rejected the argument as framed by Schwenke. It found that the lack of

jurisdiction did not "appear" from the filing of the *unverified* complaint, such that the court's duty to suspend further proceedings arose at that moment, and held that the lack of jurisdiction did not "appear" until the hearing on the motion to transfer. (*Schwenke* v. *J & P Scott, Inc., supra,* 205 Cal.App.3d at p. 78.) The *Schwenke* court rejected as flawed the analysis of *Moore* v. *Powell* (1977) 70 Cal.App.3d 583 [138 Cal.Rptr. 914], requiring some diligence on the part of plaintiff, and held that "Lack of jurisdiction . . . is an express statutory exception to the five-year bar, separate and distinct from exceptions based upon impossibility or impracticability. Where lack of jurisdiction is asserted, plaintiff's diligence, or lack thereof, has no place in the analysis." (*Schwenke* v. *J & P Scott, Inc., supra,* 205 Cal.App.3d at pp. 77-78.) Thus, approximately six weeks were excluded from the calculation, offering no comfort to Schwenke.

In the instant case, appellant argues that, under *Schwenke,* his *verified* amended complaint, attached to his motion for leave to amend and to transfer the matter, provided the "appearance" of lack of subject matter jurisdiction discussed by the *Schwenke* court; and consequently, jurisdiction was suspended until the matter was received by the superior court some 117 days later. Under *Schwenke,* he asserts that his diligence or lack thereof is irrelevant.

We need not decide whether it "appeared" to the municipal court that it lacked subject matter jurisdiction at the time appellant's motion to amend and transfer was filed with the verified amended complaint attached (Sept. 2, 1987) or at the time of the hearing on the matter (Sept. 17, 1987). Assuming we accept the applicability of *Schwenke,* either date provides a sufficient amount of time to grant appellant relief.

The more important consideration is whether we agree that *Schwenke* applies to the case at bench. We do not because we find *Schwenke* to be distinguishable.

As evident from the above summary, in *Schwenke* the transfer from the municipal court to the superior court was accomplished in a timely manner. The entire focus of the *Schwenke* opinion's relevant discussion was on when it "appeared" to the municipal court that it lacked subject matter jurisdiction. By contrast, the pivotal fact here is appellant's failure to pay the requisite transfer fees necessary to effectuate the transfer of the matter to superior court. Appellant objects, explaining that he was unaware that the court had ordered him to pay the transfer fees. His protest is unavailing because the clear language of section 399 requires the plaintiff to pay transfer fees when "the transfer is sought solely, or is ordered, because the action

or proceeding was commenced in a court other than that designated as proper. . . ."

Moreover, additional language of section 399, providing that the fees must be paid "before such transfer is made," leads us to conclude that, pursuant to this statute, jurisdiction has not been transferred to the superior court until payment of these fees. That is, the municipal court is not divested of jurisdiction until the section 399 transfer fees are paid. To hold otherwise would empower a plaintiff to place his or her case in a state of jurisdictional limbo until he or she decides to pay the fees, thereby allowing a plaintiff to prolong indefinitely the prosecution of his or her case and to frustrate the intent of the five-year statute.

We are aware that if the transfer fees are not paid after a certain period of time, section 399 allows the court, on a duly noticed motion by any party, to "dismiss the action without prejudice to the cause on the condition that no other action on the cause may be commenced in another court prior to satisfaction of the court's order for costs and fees." However, we cannot accept the dissent's finding that this affords a remedy for a defendant because it simply is not defendant's responsibility to hoist a warning flag for plaintiff's benefit.

2.  *The Postarbitration Tolling.*  ██  Citing *Moran* v. *Superior Court, supra,* 35 Cal.3d 229, appellant next argues that the period after the date the arbitration award was filed and the trial de novo was set (130 days) should have been excluded in the 5-year calculation. Appellant's reliance on *Moran* is misplaced; consequently we reject this contention.

In *Moran*, plaintiff diligently prosecuted her action and had obtained a timely trial date. The case was sent to court-ordered arbitration 41 days before the 5-year statute ran. More than a year later, the arbitrator found in plaintiff's favor, and defendant requested a trial de novo. Pursuant to former section 1141.17, the filing of the award reactivated the running of the five-year period, and forty-one days remained until the period would expire on April 27, 1981. Within days of the filing of defendant's request, plaintiff's counsel telephoned the court clerk and advised the clerk of the deadline. The clerk assured counsel that the case would be reset within the five-year period and repeated these assurances during subsequent follow-up calls. Instead, the clerk sent the case file to storage, and no trial date was set. Plaintiff did nothing further, and on August 12, 1981, defendant moved unsuccessfully to dismiss.

*Moran* held the denial of dismissal was correct on two independent grounds. Appellant focuses his argument on the second, which provides

that "by force of former section 1141.20 (now § 1141.20, subd. (b)), trial courts have a sua sponte duty to calendar postarbitration trials '. . . insofar as possible, so that *the trial shall be given the same place on the active civil list as it had prior to arbitration, or shall receive civil priority on the next setting calendar.'* [Citations.] Since the trial court alone has the power to calendar trials, plaintiffs are entitled to presume that the court will perform this duty. Therefore, the five-year statute is tolled until the postarbitration trial date set by the trial court. [Citation.]" (*Santa Monica Hospital Medical Center* v. *Superior Court* (1988) 203 Cal.App.3d 1026, 1031 [250 Cal.Rptr. 384].)

Appellant argues that this holding entitles him to have the five-year statute tolled for the one hundred thirty days between the filing of the arbitration award and the setting of his trial de novo. In propounding this argument, appellant has lost sight of the factual underpinnings of *Moran*. In *Moran*, through no fault of plaintiff, the trial court had abrogated its duty to set the trial de novo within the five-year period. It was this fact which led to the *Moran* holding that the trial court has a sua sponte duty to timely calendar postarbitration trials.

Here, the facts differ. Appellant, in fact, had a postarbitration trial date set by the court for August 31, 1987, approximately three months after appellant filed notice of trial de novo and *one year and three months before the running of the five-year statute*. The court, therefore, had met its sua sponte duty in a timely manner.

Thereafter, it was appellant's actions or lack thereof which spent approximately 10 months of the 5-year period. It was appellant who chose to amend his complaint and transfer the matter to superior court. It was appellant who failed to pay the required transfer fees, thereby delaying transfer by 102 days. It was appellant who did nothing from the date the superior court assumed jurisdiction, December 28, 1987, to the filing of his first ex parte motion to specially set the case for trial on July 13, 1988, approximately six and one-half months later.

Under the facts of this case, we cannot say the trial court abused its discretion when it granted the motion to dismiss appellant's complaint.

## DISPOSITION

The judgment is affirmed.

George, J., concurred.

**WOODS (A. M.), P. J.**—I dissent from the conclusion of the majority that the municipal court did not lose jurisdiction until the transfer fees set forth in Code of Civil Procedure section 399 were paid.

When this action was commenced, the municipal court had full and complete jurisdiction. It was endowed by law with subject matter jurisdiction and obtained personal jurisdiction over the parties. There can be no valid dispute that once it allowed amendment of the complaint to allege a cause of action for deprivation of plaintiff's civil rights pursuant to 42 United State Code section 1983, it no longer had jurisdiction over the subject matter. Code of Civil Procedure section 396[1] specifically provides that under these circumstances the court "*must suspend* all further proceedings therein and transfer the action . . . to a court having jurisdiction thereof . . . ." (Italics added.)

This statutory language is consistent with case law acknowledging the fundamental nature of such a jurisdictional defect (*Barnick* v. *Longs Drug Store, Inc.* (1988) 203 Cal.App.3d 377, 379 [250 Cal.Rptr. 10]), and cases holding that where subject matter jurisdiction is lacking the court in which the action was commenced has only very limited power. It must order the case transferred (§ 396); it can, under appropriate circumstances, vacate the order of transfer (*Badella* v. *Miller* (1955) 44 Cal.2d 81, 86 [279 P.2d 729]); and it can perform those acts necessary to implement the transfer including acceptance of the transfer fee or dismissal of the action in the event the transfer fee is not timely paid. (§ 399; *London* v. *Morrison* (1950) 99 Cal.App.2d 876, 879 [222 P.2d 941].) This limited power has been termed by some courts to be a "lack of jurisdiction" or a limitation of jurisdiction. (See *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) Others have described it as a suspension of jurisdiction. (See *Schwenke* v. *J & P Scott, Inc.* (1988) 205 Cal.App.3d 71, 78 [252 Cal.Rptr. 91].) Regardless of the precise terminology used, it is clear that in the case before us, proceedings were suspended, pursuant to section 396, until the transfer was accomplished.

Despite this state of the law, the majority concludes, without citation to supporting authority, that there was no period of time in which jurisdiction was suspended in this case. The majority, which distinguishes *Schwenke* v. *J & P Scott, Inc., supra,* 205 Cal.App.3d 71, on its facts, would presumably follow *Schwenke* and reach a contrary result here, but for the fact that appellant is responsible for an avoidable period of delay in the transfer of the case. This factual distinction does not bear close scrutiny.[2]

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] It should be noted that appellant did not unnecessarily delay the entire period from the time of the order to the time of the transfer. Only 65 days of that time constituted unneces-

By this dissent we have called to the majority's attention the appropriate remedy for such delay, which is a motion to dismiss pursuant to section 399. This the majority summarily rejects "because it simply is not a defendant's responsibility to hoist a warning flag for plaintiff's benefit." (Maj. opn., *ante*, p. 1562.) This argument renders at least a portion of the statute meaningless,[3] in violation of the rules of statutory construction. (*People* v. *Gilbert* (1969) 1 Cal.3d 475, 480 [82 Cal.Rptr. 724, 462 P.2d 580].)

Further, the language of section 399 affords no support for the majority's conclusion. The majority's assertion to the contrary is based upon a non sequitur. The majority reasons that since section 399 requires payment of transfer fees "before such transfer is made" it therefore follows that "the municipal court is not divested of jurisdiction until the section 399 transfer fees are paid." (Maj. opn., *ante*, p. 1562.) In fact, section 399 specifically provides: "The cause of action shall not be further prosecuted in *any* court until such costs and fees are paid." (Italics added.) In other words, jurisdiction is suspended until the transfer is made.

It follows that there is a period of time which must, pursuant to section 583.340, be excluded from the computation of the five-year period within which the case can be brought to trial. Section 583.340 provides in pertinent part: "In computing the time within which an action must be brought to trial pursuant to this article, there *shall* be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended."[4] (Italics added.)

Any attempt to modify section 583.340's unequivocal language is unsound. The running of the five years is stayed for the period of time during which the court's subject matter jurisdiction is suspended. This legal fact cannot be compromised by the conduct of the moving party.

---

sary delay. Section 399 provides that the earliest date upon which the transfer can occur, even assuming immediate payment of transfer fees, is "after expiration of the time within which a petition for writ of mandate could have been filed," i.e., "within 20 days after service of a written notice of the order" granting transfer. (§ 400.) In this case appellant gave written notice by mail on September 23, 1989. Allowing five days for service by mail (§ 1013), the last day upon which respondents could have petitioned the court for extraordinary relief was October 18, 1987, and the first date upon which the case could have been transferred was October 19, 1987. The fees were paid on December 23, 1987. Thus, the total period of avoidable delay was 65 days.

[3] The relevant language is: "If such costs and fees are not paid within 30 days after service of notice of such order, . . . then within 30 days after notice of finality of the order of transfer, the court on a duly noticed motion by any party may dismiss the action without prejudice to the cause on the condition that no other action on the cause may be commenced in another court prior to satisfaction of the court's order for costs and fees." (§ 399.)

[4] That period is from the filing of the verified amended complaint to the date the transfer was completed. (See *Schwenke* v. *J & P Scott, Inc., supra,* 205 Cal.App.3d at p. 78, and cases cited therein.)

For these reasons, appellant is entitled to have the 117 days between the filing of the amended complaint, on August 28, 1987, and the acceptance of the transfer by the superior court, on December 28, 1987, deleted from the computation of the 5-year statute of limitations. The trial court's decision to the contrary was an abuse of discretion and the majority's affirmance is not legally sound.

Appellant's petition for review by the Supreme Court was denied August 20, 1990.