[No. C001898. Third Dist. Aug. 22, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNIE ALBERT BROWN, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and IV.

**COUNSEL**

Robert L. Valencia, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Edmund D. McMurray and Stan Cross, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MARLER, J.**—Defendant was convicted by pleas of no contest of four counts of violating Penal Code section 666 (petty theft with a prior conviction of burglary) and one count of violating Penal Code section 487 (grand theft). Defendant admitted he committed one of the section 666 violations while he was released pending trial on an earlier felony offense so as to come within the enhancement provisions of Penal Code section 12022.1. The court found defendant had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). Defendant was sentenced to state prison for a total term of seven years and eight months, staying one year and eight months of the sentence.

The trial court granted defendant a certificate of probable cause to raise on appeal the issues of the trial court's refusal to allow defendant's counsel to withdraw as counsel for defendant on the first day of jury trial and the trial judge's subsequent refusal to disqualify himself. Defendant raises these issues on appeal and additionally argues the trial court improperly found he had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). The People concede the last issue. We agree and find it the only claim of defendant that has merit.

The facts are basically unnecessary to our resolution of this case. Suffice it to say defendant on five different occasions left stores with merchandise he had not paid for. Defendant was arrested after the fourth shoplifting incident. He was out on bail pending trial when he committed the last theft.

## DISCUSSION

### I

On July 7, 1986, the date set for the commencement of defendant's jury trial, defendant's court-appointed counsel moved to withdraw as defendant's counsel. At an in camera hearing, outside of the prosecutor's presence, defense counsel told the court that it had become clear the previous afternoon when meeting with defendant that substantial differences had arisen between them. He felt he now had an irreconcilable conflict in representing defendant. At the same in camera hearing defendant insisted he saw no alternative to testifying on his own behalf if he wished to be exonerated of the charges against him. Defense counsel stated he could not, however, in good conscience allow defendant to testify as he indicated he would, believing defendant's testimony would be perjured. Defense counsel told the court he had told defendant that if defendant testified as he proposed, he felt he (defense counsel) would be suborning perjury. Nevertheless defendant insisted upon testifying to certain things defense counsel did not believe to be the truth and told his counsel he did not want him as his attorney. Counsel asked to be relieved as defendant's attorney. Defendant joined in the request, telling the court that if his attorney did not feel he could do a good job, defendant did not feel he could do a good job.

After hearing the statements by both counsel and defendant, the court denied defense counsel's motion to withdraw. The trial court stated it was affected by the fact the motion was presented for the first time on the day of trial. With regard to defendant's insistence on testifying the trial court stated defendant had a fundamental right to testify if he told the truth.

On appeal defendant claims the denial of defense counsel's motion to withdraw was reversible error. Defendant argues he clearly could not have proceeded to trial with his present attorney as counsel as they were "at loggerheads over [defendant's] desire and right to testify." Defendant claims a trial with present defense counsel representing him would have been a "farce." Defendant asserts his only feasible option was to enter a no contest (or guilty) plea to the charges and seek relief from this court.

We are of the opinion that while defense counsel acted according to the moral and ethical obligations required of him as a member of the legal

profession, the trial court did not abuse its discretion in denying his motion to withdraw. No reversible error occurred.

Business and Professions Code section 6128, subdivision (a) provides an attorney is guilty of a crime if the attorney "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." As a natural corollary Business and Professions Code section 6068 provides, in pertinent part, "[i]t is the duty of an attorney to . . . employ, for the purpose of maintaining the causes confided to him or her such means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." (Bus. & Prof. Code, § 6068, subd. (d).) Clearly an attorney not only "owes no duty to offer on his client's behalf testimony which is untrue" (*In re Branch* (1969) 70 Cal.2d 200, 210 [74 Cal.Rptr. 238, 449 P.2d 174]), "[i]t is utterly reprehensible for an attorney at law to actively procure or knowingly countenance the commission of perjury. . . ." (*In re Jones* (1971) 5 Cal.3d 390, 400 [96 Cal.Rptr. 448, 487 P.2d 1016].)

Rule 2-111(B) of the California Rules of Professional Conduct specifically states as follows: "A member of the State Bar representing a client before a tribunal, with its permission if required by its rules, *shall* withdraw from employment, . . . if . . . [h]e knows or should know that his continued employment will result in violation of these Rules of Professional Conduct or of the State Bar Act [which includes sections 6068 and 6128 of the Business and Professions Code]; . . ." (Italics added.) Subdivision (C) of rule 2-111 provides that an attorney *may* request permission to withdraw if his client personally seeks to pursue an illegal course of conduct or insists that the attorney pursue an illegal course of conduct.

When faced with a criminal defendant who insists on testifying perjuriously, it is clearly appropriate under California law, even necessary, for counsel to present a request to withdraw to the court.[1] ▆▆▆ The trial

---

[1] "How a defense attorney ought to act when faced with a client who intends to commit perjury at trial has long been a controversial issue." (*Nix* v. *Whiteside* (1986) 475 U.S. 157, 177 [89 L.Ed.2d 123, 141, 106 S.Ct. 988], conc. opn. of Blackmun, J. [citing in fn. 1 as examples - "Callan & David, Professional Responsibility and the Duty of Confidentiality: Disclosure of Client Misconduct in an Adversary System, 29 Rutgers L.Rev. 332 (1976); Rieger, Client Perjury: A Proposed Resolution of the Constitutional and Ethical Issues, 70 Minn.L.Rev. 121 (1985); compare, *e.g.,* Freedman, Professional Responsibility of the Criminal Defense Lawyer: The Three Hardest Questions, 64 Mich.L.Rev. 1469 (1966), and ABA Standards for Criminal Justice, Proposed Standard 4-7.7 (2d ed. 1980) (approved by the Standing Committee on Association Standards for Criminal Justice, but not yet submitted to the House of Delegates), with Noonan, The Purposes of Advocacy and the Limits of Confidentiality, 64 Mich.L.Rev. 1485 (1966), and ABA Model Rules of Professional Conduct, Rule 3.3 and comment, at 66-67 (1983)." *Id.,* at pp. 177-178 (89 L.Ed.2d at pp. 141-142).]. We have not been cited to any California case, however, nor have we found one, which

court is not, however, required to grant such a request in all cases. The granting or denying of a motion by an attorney to withdraw lies within the sound discretion of the trial court. (*People* v. *Cohen* (1976) 59 Cal.App.3d 241, 249 [130 Cal.Rptr. 656].)

When a trial judge is presented with a motion to withdraw based on a criminal defendant's intent to testify perjuriously, the judge is faced with a difficult decision which requires the balancing of defendant's rights with the obligations of his or her counsel and the orderly processes of our judicial system. Specifically the court must consider defendant's fundamental right to testify on his or her own behalf even if contrary to the advice given by his or her counsel. (*People* v. *Robles* (1970) 2 Cal.3d 205, 215 [85 Cal.Rptr. 166, 466 P.2d 710]; *People* v. *Blye* (1965) 233 Cal.App.2d 143, 149 [43 Cal.Rptr. 231].) But a defendant does not have a right to testify falsely. (*Nix* v. *Whiteside, supra,* 475 U.S. at p. 173 [89 L.Ed.2d at p. 138].)[2] The court must also consider defendant's constitutional entitlement to assistance of court-appointed counsel if defendant is unable to employ private counsel. (*Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]; *People* v. *Williams* (1970) 2 Cal.3d 894, 905 [88 Cal.Rptr. 208, 471 P.2d 1008].) But a defendant is not entitled to have counsel assist in presenting perjurious testimony. (See *People* v. *Pike* (1962) 58 Cal.2d 70, 97 [22 Cal.Rptr. 664, 372 P.2d 656]; Bus. & Prof. Code, §§ 6068, subd. (d), 6128, subd. (a).) Moreover, the public and the courts have an interest in the orderly process of justice. A criminal defendant cannot be allowed to bring the judicial system to a halt, and endlessly avoid trial by using the simple expedient of informing defense counsel on the eve of trial that he or she intends to commit perjury at trial, thereby requiring counsel to move to withdraw, the court to grant the motion and continue the trial to allow the new counsel to prepare. (Accord, *State* v. *Henderson* (1970) 205 Kan. 231 [468 P.2d 136, 142, 64 A.L.R.3d 375].)

■ The California Supreme Court has determined a disagreement between defendant and his or her counsel regarding defendant's right to testify does not necessarily require the appointment of another attorney. (*People* v. *Lucky* (1988) 45 Cal.3d 259, 282 [247 Cal.Rptr. 1, 753 P.2d 1052]; *People* v.

---

squarely addresses the issue under California law. (See however, Cal. Compendium of Professional Responsibility, pt. II, State Bar Formal Opn. No. 1983-74, pp. 232-235 [attorney's duty in civil, nonjury trial].) We are of the opinion an attorney must first try to persuade his or her client to testify truthfully. If unsuccessful, the attorney should advise the client of the consequences of perjury and that the attorney will be forced to make a motion to withdraw if the client is still intent on testifying falsely. If the client remains adamant, the attorney must make a motion to withdraw so as to not give implied consent to the use of perjurious testimony. (Bus. & Prof. Code, § 6128, subd. (a).)

[2] We recognize as a practical matter it is probably impossible to know in advance for certain whether a defendant will testify falsely.

*Williams, supra,* 2 Cal.3d at p. 905; *People* v. *Robles, supra,* 2 Cal.3d at p. 215.) We conclude even where that disagreement is over the defendant's intent to commit perjury, in the absence of evidence that the disagreement has resulted in "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel" (*Robles, supra,* at p. 215), a trial court may still deny a motion for withdrawal in its discretion. (Accord, *State* v. *Henderson, supra,* 468 P.2d 136, 141-142.)

We have reviewed the transcript of the in camera hearing on defense counsel's motion to withdraw and conclude there was no such breakdown present here. ▮▮▮▮▮ We cannot say the trial court abused its discretion in denying the motion on the day of trial under the circumstances of this case.[3]

## II

▮ After the trial court's denial of defense counsel's motion to withdraw, defense counsel requested a one-week continuance of the trial in order to bring a writ proceeding in this appellate court. The trial court denied the request for a continuance finding it would probably require more than a one-week continuance, the delay would be an imposition on the jury and defendant's remedies on appeal would be adequate.

On appeal defendant now contends the refusal of the trial court to grant a continuance for the purpose of challenging by a writ proceeding the trial court's ruling on defense counsel's motion to withdraw was reversible error. We disagree.

"The granting or denial of a motion for a continuance in the midst of a trial traditionally rests within the sound discretion of the trial judge who must consider not only the benefit which the moving party anticipates but also the likelihood that such benefit will result, the burden on other witnesses, jurors and the court and, above all, whether substantial justice will be accomplished or defeated by a granting of the motion. In the lack of a showing of an abuse of discretion or of prejudice to the defendant, a denial

---

[3] Requiring defense counsel to generally continue representing defendant did not expose counsel to disciplinary or criminal action. He fulfilled his ethical obligation by bringing the motion to withdraw. As the California Supreme Court in *People* v. *Pike, supra,* 58 Cal.2d 70 noted, "[i]t is to be remembered that a person cannot accurately be said to 'allow' that which he cannot prevent." (*Id.,* at p. 97, fn. 20.) We do not address defense counsel's obligation in respect to how defendant's testimony should be presented, whether he could question defendant at all, should simply announce defendant wants to make a statement, or whether some other procedure should be employed. That issue is not presented by this case since defendant entered pleas of no contest to the charges.

of his motion for a continuance cannot result in a reversal of a judgment of conviction. [Citations.]" (*People* v. *Laursen* (1972) 8 Cal.3d 192, 204 [104 Cal.Rptr. 425, 501 P.2d 1145].)

Given our conclusion on the merits of defendant's contention regarding the motion to withdraw, we find no abuse of discretion by the trial court in refusing defendant's request for a continuance.

### III, IV*

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is modified to indicate defendant is not subject to an enhancement of one year under Penal Code section 667.5, subdivision (b), and as modified the judgment is affirmed.

Puglia, P. J., and Evans, J., concurred.

A petition for a rehearing was denied September 6, 1988, and appellant's petition for review by the Supreme Court was denied November 17, 1988.

---

* See footnote, *ante,* page 1335.