[No. B117626. Second Dist., Div. Six. Sept. 23, 1998.]

MANFREDI & LEVINE, Petitioner, v.
THE SUPERIOR COURT OF THE COUNTY OF VENTURA,
Respondent;
STEVEN BARLES et al., Real Parties in Interest.

**COUNSEL**

Manfredi & Levine, Mary J. Rettberg, Matthew R. Eccles, Karpman & Associates and Diane L. Karpman for Petitioner.

No appearance for Respondent.

Steven Barles, in pro. per., Kevin H. Louth, Pyfrom & Associates and Gregory C. Pyfrom for Real Parties in Interest.

**OPINION**

**GILBERT, J.**—Here, trial counsel moved to be relieved because of an ethical conflict. When counsel told the court he would not disclose any information concerning the conflict, the court summarily denied the motion. There was no abuse of discretion and we deny the writ of mandate.

FACTS

Real parties Steven and Sandra Barles (the Barleses) retained petitioner law firm, Manfredi & Levine (Manfredi), as their counsel. On August 15, 1996, they filed a lawsuit against real parties in interest Gary and Judy Podolny (the Podolnys). Following months of intense litigation, the parties stipulated that the matter be heard in binding arbitration.

After seven days in arbitration, the Barleses filed bankruptcy and obtained a stay of the proceedings. On October 29, 1997, the Podolnys obtained a vacation of the bankruptcy stay and sought to resume arbitration proceedings.

Manfredi claims that on November 7, 1997, it received unsolicited and confidential information. The information led it to believe it would be unethical to continue to represent the Barleses in this case.

The Barleses refused to substitute Manfredi out of the case. They claim that Manfredi has not disclosed to them the nature of the purported conflict.

Manfredi sought the advice of independent counsel, JoAnne Earls Robbins, a specialist in legal ethics. Robbins informed the law firm that ethically it could no longer represent the Barleses in this case.

On November 20, 1997, Manfredi moved to withdraw as counsel. (Code Civ. Proc., § 284.) In support of the motion, it made a blanket assertion that it could not continue to provide representation without violating the State Bar Rules of Professional Conduct. The moving papers did not provide any details of the ethical dilemma. Manfredi alleged, however, that it could not disclose the information to its clients, the Barleses, because to do so would violate the Rules of Professional Conduct.

The Podolnys opposed Manfredi's motion to withdraw. Referring mainly to the procedural history of this case, they contended that there had been a pattern of delaying tactics and that the motion was nothing but a ploy to further delay the arbitration and resolution of the lawsuit.

Respondent superior court heard the motion to withdraw. Counsel for Manfredi informed the court that the law firm played no part in creating the conflict. He assured the court that the assertion of conflict was not done for the purpose of delaying the proceedings.

To put it charitably, the trial court was skeptical of Manfredi's motive. It stated, "What we have here is the use of every [delaying] tactic known to man. And now they say they have some secret information which creates an unknown conflict which violates some kind of unknown State Bar rule. Please, it's hardly worth even discussing it."

The trial court requested that counsel disclose the nature of the conflict. Manfredi, invoking client confidentiality, would not reveal the facts upon which the assertion of the ethical conflict is premised. The trial court rebuffed an effort by counsel to be further heard and denied the motion.

Manfredi seeks relief through a petition for a writ of mandate. It asserts that the trial court abused its discretion in improperly conditioning the granting of the motion upon the disclosure of confidential information. (See *Aceves* v. *Superior Court* (1996) 51 Cal.App.4th 584 [59 Cal.Rptr.2d 280]; *General Dynamics Corp.* v. *Superior Court* (1994) 7 Cal.4th 1164, 1190 [32 Cal.Rptr.2d 1, 876 P.2d 487].)

We have stayed further proceedings and have issued an order to show cause.

DISCUSSION

I.

*Standing of the Podolnys as Real Parties*

■ The Podolnys have standing to oppose the petition for writ of mandate. A person or entity whose interest will be directly affected by writ proceedings has standing to appear in a writ matter. (Cal. Rules of Court, rule 56(a)(2); *Aceves* v. *Superior Court, supra,* 51 Cal.App.4th 584, 588.) The granting of a motion to be relieved as counsel may work an injustice upon a third party. (E.g., *Linn* v. *Superior Court* (1926) 79 Cal.App. 721, 725 [250 P. 880].)

Granting the writ petition will further delay the litigation. The Podolnys therefore have standing to oppose this petition because it delays resolution of the lawsuit against them.

II.

*Blanket Assertion of Conflict*

■ Manfredi relies on Rules of Professional Conduct, rule 3-700(B)(2), which provides that counsel must withdraw if "[t]he member knows or should know that continued employment will result in violation of these rules or of the State Bar Act . . . ." The California State Bar Act, set forth in Business and Professions Code section 6000 et seq., provides in section 6068, subdivision (e), that it is the duty of a lawyer "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client."

■ On the other hand, the trial court has the power to " '. . . control in furtherance of justice, the conduct of its ministerial officers . . . .' " (*Comden* v. *Superior Court* (1978) 20 Cal.3d 906, 916, fn. 4 [145 Cal.Rptr. 9, 576 P.2d 971, 5 A.L.R.4th 562].) It is vested with the solemn duty to maintain professionalism and ethics in the matters that are brought before it. (*Townsend* v. *Superior Court* (1998) 61 Cal.App.4th 1431, 1438-1439 [72 Cal.Rptr.2d 333]; *Cal Pak Delivery, Inc.* v. *United Parcel Service, Inc.* (1997) 52 Cal.App.4th 1, 13 [60 Cal.Rptr.2d 207]; *Morrow* v. *Superior Court* (1994) 30 Cal.App.4th 1252, 1262 [36 Cal.Rptr.2d 210].)

The determination whether to grant or deny a motion to withdraw as counsel lies within the sound discretion of the trial court. (*People* v. *Brown* (1988) 203 Cal.App.3d 1335, 1340 [250 Cal.Rptr. 762].) Where issues of confidentiality prevent "counsel from further disclosure and the court [accepts] the good faith of counsel's representations, the court should find the conflict sufficiently established and permit withdrawal." (*Aceves* v. *Superior Court, supra,* 51 Cal.App.4th 584, 592, citing *Uhl* v. *Municipal Court* (1974) 37 Cal.App.3d 526, 527-528 [112 Cal.Rptr. 478] and *Leversen* v. *Superior Court* (1983) 34 Cal.3d 530, 539 [194 Cal.Rptr. 448, 668 P.2d 755].)

In *Aceves*, a deputy public defender discovered on the eve of trial that he had a conflict with his client and moved to be relieved. Counsel stated that he could not, without compromising his client's confidences and breaching his ethical duty, reveal the precise nature of the conflict. The office of the public defender, however, was willing to reveal sufficient information couched in general terms. It gave the court insight into the nature of the conflict: The public defender "described the conflict as one that (1) was confined to [*Aceves*] and the office of the public defender, (2) did not involve threats to witnesses or third parties, (3) did not relate to other cases and (4) had resulted in a complete breakdown of the attorney-client relationship . . . ." (*Aceves* v. *Superior Court, supra,* 51 Cal.App.4th 584, 592.)

The Court of Appeal concluded that these limited disclosures were sufficient to support the motion for withdrawal as counsel. (*Aceves* v. *Superior Court, supra,* 51 Cal.App.4th 584, 593.) Moreover, there was no opposition from the defendant, the public defender's client. Nor did the court question the good faith of counsel's representations.

It is true that the representations as to conflict made in cases such as *Aceves, Leversen* and *Uhl* were broad and bereft of details. (*Aceves* v. *Superior Court, supra,* 51 Cal.App.4th 584; *Leversen* v. *Superior Court, supra,* 34 Cal.3d 530; *Uhl* v. *Municipal Court, supra,* 37 Cal.App.3d 526.)

In *Leversen*, for example, defense counsel asked to be relieved in the middle of trial after he discovered that his office represented a rebuttal witness in another proceeding. Counsel broadly asserted that this created a conflict because he could not adequately represent the defendant without disclosing privileged information he possessed from the witness. In *Uhl*, the public defender moved to be relieved based on the existence of a conflict between defendant Uhl and another client whom the public defender was representing. The public defender gave no further details of the conflict. In those cases, however, there was no question concerning counsel's good faith or sincerity. ■ That is not the case here. The trial court in

unabashed candor reproached counsel for using every delaying tactic known to humankind.

The trial court need not "accept a sweeping claim of conflict and 'rubber stamp' counsel's request to withdraw." (*Aceves* v. *Superior Court, supra,* 51 Cal.App.4th 584, 592.) "*Uhl* does not abrogate the court's duty of inquiry or the attorney's obligation to provide information about the conflict. It simply limits the range of inquiry to prevent the required disclosure of communications that are confidential but form the factual basis of the conflict. The trial court still has a duty to explore the conflict, and counsel has a corresponding duty to respond, and to describe the general nature, as fully as possible but within the confines of privilege." (*Id.,* at pp. 592-593.)

It may be argued that the truncated exchange between counsel and the court did not permit such exploration here. But when the court inquired, "What is the conflict?," counsel's intractable reply did not augur well for a reasoned discussion and a resolution: "Your Honor, I cannot disclose that, and I will not disclose that conflict." The court responded to counsel's boldness with alacrity: "The motion is denied." Counsel asked, "Your Honor, may I be heard?" The court said, "No."

Counsel's adamant refusal to enlighten the court made it doubtful whether a further exchange would have been productive. Counsel would have done well to give the court some information as to the shape and size of the conflict here.

"Conflicts [of interest] come in all shapes and sizes." (*Aceves* v. *Superior Court, supra,* 51 Cal.App.4th 584, 590; Rules Prof. Conduct, rules 3-300 & 3-310; see generally, cases collected in 5 Witkin, Cal. Criminal Law (2d ed. 1989) Trial, § 2767, pp. 3341-3344.) The following list, by no means exhaustive, illustrates circumstances giving rise to a conflict:

(1) counsel has divided loyalty between current client and former clients (*People* v. *Mroczko* (1983) 35 Cal.3d 86, 112 [197 Cal.Rptr. 52, 672 P.2d 835]; *Alcocer* v. *Superior Court* (1988) 206 Cal.App.3d 951, 955 [254 Cal.Rptr. 72] [prior representation of witness for the prosecution]);

(2) counsel has acquired a pecuniary interest which is adverse to the interests of the client (*Maxwell* v. *Superior Court* (1982) 30 Cal.3d 606, 617 [180 Cal.Rptr. 177, 639 P.2d 248, 18 A.L.R.4th 333] [literary rights]; *Brockway* v. *State Bar* (1991) 53 Cal.3d 51, 63-65 [278 Cal.Rptr. 836, 806 P.2d 308] [attorney took control of client's property which was worth more than attorney's fee]);

(3) unpaid fees to counsel may result in the sacrifice of important client rights (*Cunningham* v. *Superior Court* (1986) 177 Cal.App.3d 336, 354-355 [222 Cal.Rptr. 854]; *People* v. *Ortiz* (1990) 51 Cal.3d 975, 985 [275 Cal.Rptr. 191, 800 P.2d 547] ["The risk in compelling a defendant to go to trial with unpaid counsel against his wishes and those of his attorney, is that the defendant will 'get what he paid for.' "]);

(4) there exists a romantic relationship between counsel and client (Bus. & Prof. Code, § 6106.8, subd. (b)) or an employee of the opposing law firm (*Gregori* v. *Bank of America* (1989) 207 Cal.App.3d 291 [254 Cal.Rptr. 853]; see also *People* v. *Singer* (1990) 226 Cal.App.3d 23 [275 Cal.Rptr. 911] [relationship between defense counsel and criminal defendant's wife]);

(5) there is a conflict between the interest of the insurer and the insured which in turn creates a conflict for counsel hired by the insurer to represent the insured (*San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358, 364 [208 Cal.Rptr. 494, 50 A.L.R.4th 913]);

(6) client tells counsel that he intends to give perjured testimony at trial (*People* v. *Johnson* (1998) 62 Cal.App.4th 608, 612 [72 Cal.Rptr.2d 805]);

(7) there has been an irreparable breakdown of the working relationship between counsel and client (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]);

(8) counsel plans to take on the role as a witness (*Comden* v. *Superior Court, supra,* 20 Cal.3d 906, 912);

(9) there have been settlement negotiations in which attorney's fees are recoverable apart from the amount sought for damages (*Ramirez* v. *Sturdevant* (1994) 21 Cal.App.4th 904, 923-926 [26 Cal.Rptr.2d 554]).

In contrast, Manfredi merely told the court it received unsolicited and confidential information which prevented it from providing further representation to the Barleses. The court was no better informed of the facts by Manfredi's independent counsel who concurred with its evaluation of the conflict and its effect upon Manfredi's ethical duty.

The Podolnys point out that Manfredi did not even disclose whether the unsolicited information was subject to the attorney-client privilege. Nor did it say whether the conflict involved its present or past representation of another client in a related or unrelated matter.

Unlike the representations made by defense counsel in *Leversen, Uhl,* or *Aceves,* Manfredi failed to supply the trial court with the slightest inkling of

the nature of the alleged conflict. "Although counsel did not reveal the specific facts of the conflict, he gave the court meaningful information about the general nature of the conflict and made clear he properly evaluated exceptions to the privilege . . . ." (*Aceves* v. *Superior Court, supra,* 51 Cal.App.4th 584, 593.) Unlike the circumstances in *Aceves,* there was no assurance here that it was unlikely there would be a conflict should new counsel appear on behalf of the Barleses. (*Id.,* at p. 589.)

For example, had the motion been granted as framed, it is possible that a new attorney, if faced with the same conflict, would move to withdraw, resulting in a perpetual cycle of eleventh hour motions to withdraw. Worse, newly retained counsel might fail to recognize or be wholly unaware of the predicament until halfway through the arbitration. (Cf. *People* v. *Gadson* (1993) 19 Cal.App.4th 1700, 1710, fn. 5 [24 Cal.Rptr.2d 219].) This creates the grim prospect that the Barleses, who claim to lack knowledge of the grounds for the alleged conflict, would be forced to proceed without the aid of counsel.

█ When ruling upon the propriety of the exercise of the trial court's discretion, "[a]n appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." (*Brown* v. *Newby* (1940) 39 Cal.App.2d 615, 618 [103 P.2d 1018].) Respondent court no doubt drew upon the wisdom of Yogi Berra, who said, " 'You [can] observe a lot by watching.' " (*The Jurisprudence of Yogi Berra* (1997) 46 Emory L.J. 697, 701.) █ Respondent court viewed with a jaundiced eye counsel's portrayal of his ethical dilemma. (Cf. *Aceves* v. *Superior Court, supra,* 51 Cal.App.4th 584, 592, fn. 6 [trial court and opposing counsel had no doubt concerning the honesty of the representations made by the deputy public defender].)

We conclude that relief by way of an extraordinary writ is not appropriate here.

### III.

### *In Camera Hearing*

Manfredi could have requested an in camera hearing. This would have afforded the opportunity to furnish details on the claim of conflict and to provide the court with sufficient information as to why the law firm could not continue to represent the Barleses. An in camera hearing might also have allowed the Barleses to elaborate upon their concern that if the motion were granted they effectively would be left without assistance of counsel. The

general rule is that a trial court does not have a sua sponte duty to offer to hear motions in camera. (*People* v. *Fowler* (1980) 109 Cal.App.3d 557, 563 [167 Cal.Rptr. 235]; Cf. *Sizemore* v. *Tri-City Lincoln Mercury, Inc.* (1987) 190 Cal.App.3d 84, 90 [235 Cal.Rptr. 243] [a party has a duty to exercise reasonable diligence].)

Although we deny the writ petition here, we do it without prejudice. Counsel may wish to renew its motion and be more forthcoming as to its reasons to be relieved. If counsel elects to so proceed, we trust the court will accommodate counsel with an in camera hearing if requested.

The order to show cause, having served its purpose, is discharged. The stay of proceedings is dissolved. We deny the petition. The parties shall bear their own costs.

Stone (S. J.), P. J., and Yegan, J., concurred.